# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

### CASE NO. 14-_____-CIV-_____

DANIEL FINERMAN, individually, and on
behalf of all others similarly situated,

      Plaintiff,

vs.

MARRIOTT VACATIONS WORLDWIDE
CORPORATION, a foreign corporation, and
INTERNATIONAL CRUISE EXCURSION
GALLERY, INC., a foreign corporation,

      Defendants.

_____/

6:14-CV-1461- ORL-40GJK

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Marriott Vacations Worldwide Corporation

("MVWC"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, and with full

reservation of all defenses, by its undersigned attorneys, submits this Notice of Removal of

the civil action described below to this Court from the Circuit Court of the Seventh Judicial

Circuit in and for Flagler County, Florida, in which the action is now pending.  The action is

within the original jurisdiction of this Court and properly removed based upon the Class

Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1446, and 1453 ("CAFA").

Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served

upon counsel for Plaintiff Daniel Finerman and Defendant International Cruise & Excursions

Gallery, Inc. ("ICE"), and filed with the Clerk of the Circuit Court of the Seventh Judicial

Circuit in and for Flagler County, Florida, as an exhibit to a Notice of Filing of Notice of

Removal.

In support of removal to this Court, MVWC alleges as follows.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.       On June 30, 2014, Plaintiff filed a putative Class Action Complaint captioned *Finerman v. Marriott Vacations Worldwide Corp.*, Case No. 2014-CA-000465 (Fla. Cir. Ct., Flagler County), against MVWC and ICE in the Circuit Court of the Seventh Judicial Circuit in and for Flagler County, Florida ("State Court Action").  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of the complete file in the State Court Action, including the Summons and Complaint, are attached to this Notice as Exhibit A.

2.       MVWC was served with process on August 6, 2014, and upon information and belief, ICE was served with process on August 7, 2014.  Since 30 days have not yet elapsed from the service of the Complaint on MVWC, this notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

3.       The Circuit Court of the Seventh Judicial Circuit in and for Flagler County, Florida is located within this judicial district.  28 U.S.C. § 89(b).  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## ALLEGATIONS OF THE COMPLAINT

4.       This action is a putative class action brought on behalf of all persons in the United States who from 2010 to the present owned a Marriott Vacation Club ("MVC") timeshare interest, converted the use of the timeshare interest in any given year to Marriott Vacation Club Point ("Points"), and who redeemed certain of those Points for cruise vacations booked by ICE, pursuant to an agreement between ICE and Marriott Ownership Resorts, Inc. ("MORI").  Plaintiff alleges that ICE and MVWC improperly charged him for

certain "Government Fees" and "Port Fees" (collectively, "Fees") imposed by the participating cruise lines, which Plaintiff further alleges were either "fictitious" or "inflated" beyond the amount of the actual fees charged to the cruise lines by the relevant government entities and port authorities, and that ICE and MVWC retained the fees for their own personal gain. Complaint ¶¶ 1, 15, 17-20.

5.      On behalf of Plaintiff and the putative class, the Complaint purports to state claims for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"), and unjust enrichment. *Id.* ¶¶ 32-44. With respect to these claims, the Complaint seeks, *inter alia*, (a) an injunction (i) enjoining ICE and MVWC "from engaging in similar unfair, unlawful, and deceptive misconduct in the future" and (ii) requiring ICE and MVWC "to disgorge all ill-gotten gains flowing from the wrongful conduct described in the Complaint"; (b) attorneys' fees, and costs of suit, (c) "an award of damages," and (d) "any further legal and equitable relief as this Court may deem just and proper." *Id.* at p. 11.

6.      Plaintiff seeks to represent the following putative class:   "All persons throughout the United States who from 2010 to date were members of the Marriott Vacation Club and who booked a cruise through Defendants." *Id.* ¶ 21.

7.      MVWC disputes Plaintiff's factual and class-related allegations and legal conclusions in the Complaint, and denies that Plaintiff or the putative class have been harmed in any way.

## BASES FOR REMOVAL

8.      This action is within the original jurisdiction of this Court, and removal is proper under CAFA.  CAFA grants district courts original jurisdiction over putative class actions in which the amount in controversy exceeds $5 million and any member of the putative class of Plaintiffs is a citizen of a State different from any Defendant.  As set forth below, this action satisfies each of the requirements of 28 U.S.C. § 1332(d)(2) for original jurisdiction under CAFA.

9.      <u>Covered Class Action</u>.  Without conceding that there is any merit to the Complaint's allegations or claims, this action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a).  *See* Complaint ¶ 21.

10.      <u>Class Action Consisting of More than 100 Members</u>.  There are more than 100 persons who own MVC timeshare interest, converted the usage of the timeshare interest during or subsequent to 2010 to Points, and who used those Points to book cruise vacations through ICE.  Accordingly, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

11.      <u>Diversity</u>.  The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant."  28 U.S.C. § 1332(d)(2)(A).  MVWC is a Delaware corporation with its principal place of business in Florida.  Upon information and belief, ICE is a Delaware

4

corporation with its principal place of business in Arizona. Plaintiff is a Florida resident. Complaint ¶¶ 3-5. Accordingly, Plaintiff himself is a citizen of a state different from a Defendant (i.e., ICE), thus satisfying the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A). In addition, MVWC understands that, according to records maintained by ICE and summarized for MVWC's benefit, thousands of persons who own MVC timeshare interests and who converted their usage of a timeshare interest during or subsequent to 2010 to Points, and then redeemed certain of those Points for cruise vacations booked by ICE, are residents of states other than Arizona, Delaware or Florida.

12.     Amount in Controversy.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or claims, the amount in controversy here satisfies this jurisdictional threshold, as the damages sought by Plaintiff with respect to the two class claims asserted in the Complaint are in excess of that amount.

13.     For purposes of removal, "[i]n establishing the requisite amount in controversy the Defendant is not . . . required to submit 'proof of the amount plaintiff will recover' but is instead only required to submit 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Kelly v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 9888731 *7 (M.D. Fla. Sept. 23, 2010) (quoting *Angrignon v. KLI, Inc.*, 2009 WL 506954 *2 n.3 (S.D. Fla. Feb. 27, 2009)).

14.     While MVWC disputes that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered any injury or incurred damages in any amount

whatsoever, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5 million:

- MVWC understands that, according to records from January 2010 through August 2014 maintained by ICE and summarized for MVWC's benefit, there were many thousands of cruise-ship reservations booked by ICE for persons who own MVC timeshare interests, and who converted their usage of a timeshare interest to Points, redeemed certain of those Points for cruise vacations, and were then charged the Fees alleged in the Complaint.

- In addition, Plaintiff's attorneys' fees, which would be a mandatory component of a judgment if he were successful in asserting his FDUTPA claim, would certainly be very substantial in and of themselves. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Because CAFA specifically requires the aggregation of each monetary element of the putative class members' claims for amount in controversy purposes, *So. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014), putative class members' attorneys' fees are likewise included in the aggregate for purposes of satisfying the amount in controversy. *See Leslie v. Conseco Life Ins. Co.*, 2012 WL 4049965 *3 (S.D. Fla. Sept. 13, 2012).

15.     <u>Non-Applicability of CAFA Exceptions</u>.  Once the general requirements of CAFA jurisdiction have been established, the party opposing removal jurisdiction has the

burden of proof as to the applicability of either the discretionary or mandatory exceptions of 28 U.S.C. § 1332(d)(3) and (4). *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006). Although MVWC does not bear the burden of proof with respect to the inapplicability of the exceptions contained in 28 U.S.C. § 1332(d)(3) and (4), none of these exceptions applies.

16. The "local controversy" exception set forth in 28 U.S.C. § 1332(d)(4)(A) does not apply for two reasons. First, MVWC understands that, according to records maintained by ICE and summarized for MVWC's benefit, slightly over 9% of the members of the putative class reside in the State of Florida. Thus Plaintiff cannot establish that at least two-thirds of the members of the putative class are citizens of the State of Florida. Second, due to the geographic diversity of the putative class (who live throughout the United States), the "principal injuries resulting from the alleged conduct or any related conduct of each defendant," 28 U.S.C. § 1332(d)(4)(A)(III), were not incurred in the State of Florida.

17. The "home state" exception set forth in 28 U.S.C. § 1332(d)(4)(B) does not apply because (a) Plaintiff cannot establish that at least two-thirds of the members of the putative class are citizens of the State of Florida, and (b) ICE is a "primary defendant" within the meaning of CAFA, but is not a citizen of the State of Florida.

18. The discretionary jurisdiction exception set forth in 28 U.S.C. § 1332(d)(3) does not apply for two reasons. First, Plaintiff cannot establish that at least one-third of the members of the putative class are citizens of the State of Florida. Second, several of the factors set forth in 28 U.S.C. § 1332(d)(3) weigh in favor of federal jurisdiction, including the presence of putative class members in numerous different States.

19.    No Joinder Necessary. No other Defendants are required to consent to removal based on CAFA. *See* 28 U.S.C. § 1453(b).  Nonetheless, a copy of ICE's notice of joinder of consent to the removal is attached to this Notice as Exhibit B.

## RESERVATION OF DEFENSES AND RIGHTS

20.    As of the date of the filing of this Notice of Removal, no further proceedings have been had in the Circuit Court of the Seventh Judicial Circuit in and for Flagler County, Florida.

21.    MVWC reserves all defenses.

22.    MVWC reserves the right to amend or supplement this Notice of Removal as necessary.

WHEREFORE, MVWC gives notice that the above-described action pending against it and ICE in the Circuit Court of the Seventh Judicial Circuit in and for Flagler County, Florida is properly removed to this Court.

Dated: September 5, 2014                 Respectfully submitted,


By:_____
    Dawn I. Giebler-Millner
    MillnerD@gtlaw.com
    GREENBERG TRAURIG, P.A.
    450 South Orange Avenue, Suite 650
    Orlando, Florida 32801
    Telephone: (407) 420-1000
    Facsimile: (407) 420-5909

    And

    Philip R. Sellinger
    SellingerP@gtlaw.com
    David E. Sellinger

SellingerD@gtlaw.com
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410

*Attorneys for Defendant*
*Marriott Vacations Worldwide Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of September, 2014, I filed the foregoing

**Notice of Removal** with the Clerk of the Court. I FURTHER CERTIFY that I caused a true

and correct copy of the foregoing to be served via electronic mail to all counsel of record

listed on the attached Service List.

Dawn P. Giebler-Millner, Esq.

## SERVICE LIST

Finerman v. Marriott Vacations Worldwide Corp.
**CASE NO. 14-_____-CIV-_____**
United States District Court, Middle District of Florida

**John A. Yanchunis**
Email: jyanchunis@forthepeople.com
**Tamra C. Givens**
Email: tgivens@forthepeople.com
**Morgan & Morgan**
**Complex Litigation Group**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: 813-223-5505
Fax: 813-223-5402
*Attorneys for Plaintiff Daniel Finerman and the*
*Proposed Class*

**S. Douglas Knox**
Email: douglas.knox@quarles.com
**Quarles & Brady**
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
Telephone:  813-387-0300
Fax:  813-387-1800
*Attorneys for Defendant*
*International Cruise & Excursions Gallery, Inc.*