**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL FINERMAN, etc.,

        Plaintiff,

vs.                                        Case No. 3:14-cv-1154-J-32MCR

MARRIOTT VACATIONS WORLDWIDE
CORP., etc., et al.,

        Defendants.

## ORDER

Plaintiff Daniel Finerman is a Marriott Vacation Club timeshare owner. Owners may redeem points at various resorts and may also use them for other types of vacations, including cruises. Finerman and his wife booked a cruise using timeshare points. When it came time to pay, Finerman was charged $159.00 per person for port fees and $114.11 per person for government fees, amounts that could not be paid with points. Finerman alleges that the amounts charged were fabricated or inflated so he filed this class action lawsuit against Marriott Vacations Worldwide Corporation (Marriott Vacation Club's parent company, hereinafter, "Marriott") and International Cruise Excursion Gallery, Inc., which, Finerman alleges, handled the cruise bookings as Marriott Vacation Club's agent. Finerman seeks to represent the class of thousands of Marriott Vacation Club timeshare owners throughout the United States who he claims paid fabricated or inflated fees when booking cruises through defendants. In his two count complaint, Finerman alleges that defendants' actions violate Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) and constitute unjust

enrichment. Finerman voluntarily dismissed his claims against International Cruise Excursion Gallery and this case is now before the Court on Marriott's Motion to Dismiss (Doc. 14) with supporting declaration (Doc. 15). Finerman filed a response in opposition (Doc. 30).[1]

**I.   Standard of Review**

When ruling on a motion to dismiss, the Court reviews the complaint assuming the facts as pled are true, and the Court construes those facts in the light most favorable to the plaintiff. See Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[N]aked assertions devoid of further factual enhancement" are not enough. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

**II.   Discussion**

Marriott argues Finerman's complaint should be dismissed for the following reasons: 1) the complaint does not meet minimum pleading standards in that it alleges only conclusory allegations that are contradicted by documents that should have been attached to the complaint; 2) the documents that Marriott proffers reveal that another entity, not Marriott, billed Finerman for the fees; 3) Finerman cannot plausibly allege that Marriott engaged in deceptive or unfair practice if Marriott did not bill or collect the fees; 4) Finerman's FDUTPA claim was not pled with particularity as is required when alleging a

---

[1] Defendants removed the case from state court on the basis of the Class Action Fairness Act. See 28 U.S.C. § 1332(d)(2), 1453(a). See Notice of Removal, Doc. 1 at ¶¶ 8-18.

deceptive practice; 5) the documents provided by Marriott show that Finerman cannot plausibly allege that he conferred a benefit on Marriott as is required to prove a claim of unjust enrichment; 6) Finerman cannot bring the equitable claim of unjust enrichment because he failed to allege that he did not have an adequate remedy at law; 7) Finerman cannot bring an unjust enrichment claim where his FDUTPA claim based on the same alleged conduct is due to be dismissed.

### A. Can the Court consider other documents?

Several of Marriott's arguments hinge on its contention that documents referenced in Finerman's complaint demonstrate that Marriott did not collect the fees about which Finerman is complaining. Marriott has filed the declaration of L. Noriye Oto, a Vice President with International Cruise Excursion Gallery, Inc., which explains that company's role in booking cruises for Marriott timeshare owners. Attached to the declaration are copies of website pages that Finerman would have used to book the cruise and booking records which Marriott claims demonstrate that International Cruise Excursion Gallery, not Marriott, collected the fees. Because Finerman's complaint described the booking process, Marriott contends these documents can fairly be viewed by the Court as though they had been attached to the complaint.

The Court's review on a motion to dismiss under Rule 12(b)(6) is generally limited to "the face of the complaint and documents attached thereto . . . ." Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007) (citation omitted). There is "an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches

the document to its motion to dismiss." Id. (citations omitted). A document is "central" to the claim where the plaintiff "would have had to offer the document in order to prove its case." Id. at 1285. Here, that does not seem to be the case. Finerman's complaint does not mention the website pages, nor does he claim that Marriott's billing statement failed to advise him about additional fees-- his complaint alleges that the fees Marriott billed were fabricated or inflated. Whether Marriott or the booking agent or the cruise line actually retained the fees is not a matter that can be resolved on this motion. Marriott may well rely on the evidence attached to its motion to defend Finerman's claims, but the Court cannot consider it in ruling on a motion to dismiss his complaint under Rule 12(b)(6).

### B.     Is the FDUTPA claim pled with sufficient particularity?

Marriott argues Finerman's FDUTPA claim must be dismissed because he has not alleged with sufficient particularity that Marriott engaged in deceptive practices as required by Federal Rule of Civil Procedure 9(b). FDUTPA makes unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." Fla. Stat. § 501.204(1). To state a claim under FDUTPA, plaintiff must plead "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." Galstaldi v. Sunvest Comm., USA, LLC, 637 F.Supp.2d 1045, 1056 (S.D. Fla. 2009) (citation omitted). Courts are divided as to whether a FDUTPA claim must be pled with particularity. Compare Galstaldi, 637 F.Supp.2d at 1057 ("The requirements of Rule 9(b) do not apply to claims under the FDUTPA.") and Guerrero v. Target Corp., 889 F.Supp.2d 1348, 1355 (S.D. Fla. 2012) ("Because FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts like fraud, 'the plaintiff

need not prove the elements of fraud to sustain an action under the statute.'") (quoting Galstaldi, 637 F.Supp.2d at 1056), with Stires v. Carnival Corp., 243 F.Supp.2d 1313, 1322 (M.D. Fla. 2002) (directing plaintiff to replead FDUTPA damages with particularity) and D.H.G. Properties, LLC v. Ginn Companies, LLC, Case No. 3:09-cv-735-J-34JRK, 2010 WL 5584464 at *5 (M.D. Fla. Sept. 28, 2010) (holding plaintiff's FDUTPA claim sounded in fraud and was subject to Rule 9(b)). See also Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc., 657 F.Supp.2d 1279, 1290 (M.D. Fla. 2009) (discussing split of authority).

  Rule 9(b)'s requirement of particularity "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quotation and citation omitted). Rule 9(b)'s particularity requirement "is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Id. (quotation and citation omitted). Finerman has alleged that when he booked a specific cruise through Marriott, he was billed for $566.17 in government and port fees by Marriott, he inquired about the fees with Marriott, and Marriott and/or its agent collected and retained these fees that were either inflated or not owed and which were not paid to the government or the port. See Doc. 2 (Complaint) at ¶¶ 15, 17, 18, 19, 20, 35, 36, 37. Even if a heightened pleading standard is warranted, the Court finds

Finerman's allegations satisfy it.

### C.   Is the unjust enrichment count adequately pled?

Marriott contends that Finerman's unjust enrichment count must be dismissed because he failed to allege that he did not have an adequate remedy at law. The general rule is that "equitable remedies are not available under Florida law when adequate legal remedies exist." State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc., 427 F. App'x 714, 722 (11th Cir. 2011), rev'd in part sub nom., State Farm Mut. Auto. Ins. Co. v. Williams, 564 F. App'x 665 (11th Cir. 2014) (citing Williams v. Bear Stearns & Co., 725 So.2d 397, 400 (Fla. 5th DCA 1998)). However, while there is authority holding that this same rule applies when the equitable claim is for unjust enrichment, see, e.g., Martinez v. Weyerhaeuser Mortg Co., 959 F.Supp. 1511, 1518-19 (S.D. Fla. 1996) (holding that failure to plead lack of legal remedy was basis in and of itself to dismiss claim for unjust enrichment); Am. Honda Motor Co. v. Motorcycle Info. Network, Inc., 390 F.Supp. 2d 1170, 1178 (M.D. Fla. 2005) (citing Martinez and holding that equitable remedy of unjust enrichment was not available where FDUTPA claim was pled as well), another line of cases hold that the general rule "does not apply to unjust enrichment claims." State Farm, 427 F. App'x at 722; accord United Surgical Assistants, LLC v. Aetna Life Ins. Co., Case No. 8:14-cv-211-T-30MAP, 2014 WL 5420801 at *4 (M.D. Fla. Oct. 22, 2014); Mobil Oil Corp. v. Dade County Esoil Mgmt. Co., Inc., 982 F.Supp. 873, 880 (S.D. Fla. 1997); Williams, 725 So.2d at 400.[2]  These latter cases hold that "[i]t is only upon a showing that an express contract

---

[2] See also Hill v. Hoover Co., 899 F.Supp.2d 1259, 1268 (N.D. Fla. 2012) (discussing disagreement among courts as to whether the existence of an adequate legal remedy

6

exists between the parties that the unjust enrichment . . . count fails." State Farm, 427 F.App'x at 722 (quoting Williams, 725 So.2d at 400)). Thus, "[u]ntil an express contract is proven, a motion to dismiss a claim for . . . unjust enrichment on these grounds is premature." Mobil Oil, 982 F.Supp. at 880. The Court is persuaded by the reasoning of these latter cases. Here, there is no allegation that the conduct supporting the unjust enrichment claim arises out of a contract relating to the payment of the alleged overcharge; thus, dismissal of this claim is unwarranted at this time.

## III. Conclusion

The Court finds Finerman has stated claims under FDUTPA and for unjust enrichment. Accordingly, it is hereby

**ORDERED**:

1. Defendant Marriott Vacations Worldwide Corp.'s Motion to Dismiss (Doc. 14) is **denied**.[3] Marriott Vacations Worldwide Corp. shall file its answer to plaintiff's complaint no later than **October 15, 2015**.

2. The parties shall file their Case Management Report (the form of which is attached hereto) no later than **October 15, 2015** and shall include proposed dates for class certification motion practice.[4]

---

precludes pleading a claim of unjust enrichment; following authority of Eleventh Circuit's unpublished State Farm decision to hold that it does not).

[3]The Court may choose to revisit these legal issues at a later stage of the case.

[4]The Court delayed motion practice on class certification and the filing of a Case Management Report pending resolution of this motion (which was itself delayed while the Court inquired about the status of a related, and now dismissed, case by Finerman against

7

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of September, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies w/attachment:

counsel of record

---

Carnival Corporation).  See Docs. 26, 36, 37.