# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DANIEL FINERMAN,

    Plaintiff,

v.                                            Case No.: 3:14-cv-1154-J-32MCR

MARRIOTT VACATIONS WORLDWIDE
CORPORATION,

    Defendant.

_____/

## PROTECTIVE ORDER

    Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Daniel Finerman ("Finerman"), Defendant Marriott Vacations Worldwide Corporation ("MVWC," together with Finerman, the "Parties"), and non-party International Cruise & Excursions Gallery, Inc. ("ICE") have stipulated and agreed to the entry of the following Stipulated Protective Order (the "Protective Order") to apply to discovery responses between the parties to this action (MVWC and Finerman), to documents produced by ICE in response to the Subpoena for the production of documents served upon it by Finerman (the "Subpoena"), and to documents that may be produced by other non-parties during the course of this litigation. In addition, the Court finds that the Parties and ICE have alleged that this action may involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt

EXHIBIT "A"

resolution of disputes over confidentiality of discovery materials, to adequately protect information that the Parties, ICE, and other non-parties are entitled or required to keep confidential, and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial,

IT IS ORDERED as follows:

1. **Scope.** This Protective Order governs the handling and treatment of all documents or other information ("Documents") produced by the Parties in this action, by ICE in response to the Subpoena, and by other non-parties in response to future subpoenas.

2. **Calculation of time.** Time periods will be calculated in accordance with Rule 6, Federal Rules of Civil Procedure.

3. **Definitions.** The following definitions apply in this Protective Order:

(a) **"Confidential Documents"** means Documents that a party or non-party believes in good faith are not generally known to others, and which constitute or contain trade secrets or other confidential research, development, or commercial information, or that the party or non-party is contractually bound to keep confidential. All Confidential Documents shall be marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

4. **Limits on use of Confidential Documents.** Confidential Documents may be used only for purposes of the preparation and trial of this litigation, for any related appellate proceeding, and for no other purpose, including, but not limited to, any commercial or business purpose.

**5.     Treatment of Documents as Confidential.**  Confidential Documents shall be produced to Finerman's counsel of record ("Finerman's Counsel") and MVWC's counsel of record ("MVWC's Counsel," together with Finerman's Counsel, the "Parties' Counsel"). Absent agreement of the Parties and any non-party producing Confidential Documents, or further Order from the Court, the Parties or the Parties' Counsel shall not disclose the Confidential Documents, or any of them, to anyone other than the following:

(a) members, associates, and employees of the Parties' Counsel;

(b) the Parties, and employees and former employees of the Parties who have knowledge relevant to this litigation;

(c) judges, magistrate judges, law clerks, court reporters, and clerical personnel of any Court that hears matters related to this litigation;

(d) imaging providers, database service providers, or photocopying service providers retained or employed by the Parties' Counsel, or the Parties, with disclosure only to the extent necessary to perform such work;

(e) outside independent persons (i.e. persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus groups members or the like, and/or to give testimony in this action, with disclosure only to the extent necessary to perform such work;

(f) witnesses or potential witnesses in this action, as needed;

(g) any other person agreed to in advance by the Parties and, if necessary, the non-party producing the Confidential Documents in writing; and

(h) the jury at trial.

Confidential Documents shall not be disclosed to the former employees of the Parties as described in paragraph 5(b), or the persons described in paragraphs 5(d), 5(e), 5(f), or 5(g) unless and until such person has executed an acknolwedgment in the form attached hereto as Exhibit A.

6. **Reasonable protection of Confidential Documents.** The Parties and the Parties' Counsel must employ reasonable protective measures to ensure that the Confidential Documents governed by this Protective Order are used only for purposes permitted under this Protective Order, and disclosed only to persons authorized by this Protective Order. All Confidential Documents must be kept in a secure manner by the Parties and the Parties' Counsel and by those who are authorized to receive Confidential Documents.

7. **Exclusion from Depositions.** A deponent during a deposition may be shown and examined about Confidential Document. The deposition transcript will designate pages containing testimony related to Confidential Documents and any document containing testimony related to Confidential Documents as Confidential. The use of Confidential Documents during depositions in this action does not waive the terms of this Protective Order. The Parties or any non-party producing Confidential Documents shall have the right to exclude from oral depositions, other than the deponent and the reporter, any person who is not authorized by this Protective Order to receive

Confidential Documents. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising the Confidential Documents.

      **8.**      **Confidential Documents presented to the Court.**

      (a)      This Protective Order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A Party wishing to file under seal a Confidential Document must move the Court, consistent with Local Rule 1.09 and prior to the due date for the filing, for permission to file the document under seal.

      (b)      If a Party wishes to file in the public record a Confidential Document, the Party must advise the other Party, and any non-party whose Confidential Documents they wish to file in the public record no later than five business days before the document is due to be filed, so that the other Party or the non-party may move the Court to require the document to be filed under seal.

      **9.**      **Potential legally compelled disclosure of Confidential Documents.** If the Parties or the Parties' Counsel: (a) is subpoenaed in another proceeding; (b) is served with a discovery request in another action to which it is a party; or (c) is served with any other legal process by any person or entity not a party to this litigation, for the purpose of obtaining the disclosure of Confidential Documents, Parties or the Parties' Counsel must give timely written notice of its receipt of such subpoena, demand or legal process to the other Party's counsel and, where applicable, to counsel for the non-party whose documents are affected so as to allow the other Party's counsel and the non-party's counsel at least ten business days, or such lesser time as such subpoena, demand or legal

process specifies for production, to intervene to prevent disclosure of the Confidential Documents. Provided that such notice is given, nothing herein requires any person or entity subject to this Protective Order to object to, challenge, or appeal any order requiring production of any Confidential Document, or to subject itself to any penalties for noncompliance with any subpoena, discovery request, or legal process, or to seek any relief from any Court.

10. **Notice of unauthorized disclosure of Confidential Documents.** If any Confidential Document is disclosed to someone not authorized to receive such material under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, the Party or Party's Counsel learning of the disclosure or breach must immediately disclose the unauthorized disclosure or breach to the other Party and, where applicable, to the non-party's counsel in writing, and also must use best efforts to obtain the return or destruction of all copies of the Confidential Documents and to prevent any further disclosure of the same.

11. **Inadvertent Disclosure.**

(a) Non-waiver of Privilege.

In accordance with Fed. R. Evid. 502(b), inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity does not waive the attorney-client privilege, work-product immunity, or other privilege or immunity if a request for return of such documents or information is made promptly after the producing party learns of its inadvertent production. Notwithstanding the foregoing, a party that inadvertently

6

produces privileged electronically stored information need not make the showing required under Fed. R. Evid. 502(b)(2) to avoid waiver of the privilege, so long as the producing party follows the notice provisions provided in Section 6(b).  Any dispute regarding whether the producing party has properly asserted the attorney–client privilege or work product protection will be brought promptly to the Court, if the parties are not themselves able to resolve it. However, in contesting such claim, the receiving party shall not rely on any portion of the document other than the information contained in the producing party's privilege log.

        (b)       Notice of Inadvertent Production of Privileged Information.

A producing party shall notify the receiving party in writing promptly after discovery of inadvertent or unintentional production.  Within five business days of this notice, the receiving party shall return or destroy such inadvertently or unintentionally produced documents or information and all copies thereof, including those that have been shared with experts, consultants, and vendors, and confirm in writing that all such documents or information have been returned or destroyed.  No use shall be made of such documents or information during depositions, through motion practice, or at trial.  In the case of an inadvertently or unintentionally produced document, the producing party shall then provide a privilege log identifying such document within ten business days of its original notice to the receiving party.  The receiving party may move the Court for an order compelling production of any inadvertently or unintentionally produced document or information in accordance with the Federal Rules of Civil Procedure.  The motion shall be filed under seal to the extent possible and shall not assert as a ground for

production the fact of the inadvertent or unintentional production, nor shall the motion disclose or otherwise use the content of the inadvertently or unintentionally produced document or information in any way (beyond any information appearing on the above-referenced privilege log).

12. **No applicability to clean-source information.** None of the provisions of this Protective Order applies to Documents to the extent that they were:

(a) available to the public prior to their production in this litigation;

(b) available to the public after the time of their production through no unauthorized act, or failure to act, on behalf of a Party, a Party's Counsel, representatives, consultants or experts;

(c) known to a Party or shown to have been independently discovered by a Party prior to their production herein;

(d) obtained by a Party from a third party having the right to disclose the same; or

(e) previously produced, disclosed, and/or provided by the other party or by a non-party without obligation of confidentiality and not by inadvertence or mistake.

13. **Final disposition.** Upon final termination of this litigation, and exhaustion of all avenues of appeal, the Parties and the Parties' Counsel must either (1) assemble and return to the other Party or to the non-party; or (2) destroy, and subsequently certify to the other Party or to the non-party destruction of, all Confidential Documents and all copies thereof. Notwithstanding this provision, counsel are entitled to

retain an archival copy of all pleadings, motion papers (including exhibits), transcripts, deposition exhibits, hearing exhibits, trial exhibits, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Documents. Counsel are also entitled to retain electronic copies of Confidential Documents created through the routine, good-faith operation of counsel's standard archival and backup procedures. Any such archival copies that contain or constitute Confidential Documents remain subject to this Protective Order as set forth in Paragraph 16 below.

14. **Amendment of this Protective Order.** Nothing herein prevents a Party from seeking to amend the terms of this Protective Order. In the event a Party seeks to amend the terms of this Protective Order, it shall, in addition to notifying the other Party, provide prior written notice to any affected non-parties.

15. **Effective date.** On entry by the Court, this Protective Order will be binding on the Parties and their respective counsel, successors, assigns, subsidiaries, divisions, and employees, effective as of the date of its execution.

16. **Survival of obligations.** Duties under this Protective Order will survive final resolution of this litigation. Persons and entities subject to this Protective Order will remain subject to the confidentiality obligations of this Protective Order until the producing Party or non-party agrees otherwise in writing or this Court (or any other Court of competent jurisdiction) orders otherwise. This Court will retain jurisdiction for the purpose of enforcing the terms of this Protective Order.

17. **Challenge to Designation**. If any Party disputes whether information is properly designated as Confidential Information, the party challenging the designation

may move for an Order from the Court striking the designation. The challenge may be raised at any time. The designating party or non-party bears the burden of demonstrating that the Confidential Information is confidential.

      **DONE AND ORDERED** at Jacksonville, Florida, this _____ day of December, 2015.

                                                            TIMOTHY J. CORRIGAN
                                                            United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT OF RECEIPT AND
UNDERSTANDING OF STIPULATED PROTECTIVE ORDER,
AND AGREEMENT TO ABIDE BY ITS TERMS**

I acknowledge that I have received a copy of the Protective Order dated December ___, 2015, in the case of *Daniel Finerman v. Marriott Vacations Worldwide Corporation*, Case No.: 3:14-cv-1154-J-32MCR, that I have read that Order, that I understand it, and that I agree to abide by its terms.

I further acknowledge that, subject to the terms of that Order, I am forbidden to disclose to any person any "Confidential Documents" as that term is defined in the Order and that I am forbidden to use any such document for any purpose other than this litigation, including but not limited to business or competitive purposes.

I agree not to retain and to return to the party who provided it to me any such document, as well as any copies, extracts, summaries thereof or memoranda prepared therefrom.

I understand that if I violate any term of that Order, I may be subject to sanctions by the United States District Court for the Middle District of Florida.

DATED: _____

Signed: _____