**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL FINERMAN, etc., et al.,

        Plaintiffs,

vs.                                                   Case No. 3:14-cv-1154-J-32MCR

MARRIOTT OWNERSHIP RESORTS, INC.,
etc., et al.,

        Defendants.

## **ORDER**

This case is before the Court on pending motions.

First, plaintiffs' motion for leave to file a Second Amended Class Action Complaint (Doc. 72), to which defendants filed a response in opposition (Doc. 74) and plaintiffs filed a reply (Doc. 94) and additional supporting exhibits (Docs. 107 & S-108), is **granted**. The Court finds plaintiffs have demonstrated good cause for seeking to amend after the agreed upon deadline because the parties' efforts were focused on mediation. Further, the Court does not find the proposed amendments to be futile, given that the standard for such a determination is akin to that of a 12(b)(6) motion. See, e.g., Chang v. JPMorgan Chase Bank, N.A., ___ F.3d ___, 2017 WL 65371, at *3 (11th Cir. Jan. 6, 2017) (reviewing whether proposed amendment was futile by considering Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). On a Rule 56 motion for summary judgment the Court would be permitted to consider the evidence upon which defendants rely in arguing the futility of the amendments (and of course would consider

evidence put forward by plaintiffs in opposing any such motion).  In light of the Court's decision to permit the filing of a second amended complaint, plaintiffs' motion to compel answers to plaintiffs' requests for admissions (Doc. 112) is **granted**, (notwithstanding that defendant Marriott Ownership Resorts, Inc. ("MORI") has not yet had an opportunity to respond), as the basis for MORI's objections were that (in its view) the requests were related to allegations of the as yet unfiled second amended complaint.

Second, defendants' motion for partial summary judgment or, in the alternative, to disqualify class representative Daniel Finerman, and motion to dismiss unjust enrichment claim of Donna Devino (Doc. 73), to which plaintiffs responded in opposition (Doc. 96) and defendants filed a reply (Doc. 109) is **denied** in all respects (and plaintiffs' motion to defer consideration of this motion (Doc. 97), which defendants opposed (Doc. 101) is therefore **moot)**.

In their motion for partial summary judgment, defendants argue that Finerman could have avoided any damages by cancelling his cruise.  However, even if the avoidable consequences doctrine applies to Finerman's FDUTPA and unjust enrichment claims (which the Court need not decide for purposes of deciding this motion), Finerman has presented evidence that his other vacation options (including not taking one at all) would not have served to mitigate his damages, thus creating at least a genuine issue of disputed fact on this point.  The Court also rejects the argument that Finerman's alleged knowledge of any overcharge vitiates his claims, especially where he has presented evidence that his other options left him in a worse position.  Defendants also contend that neither Finerman nor Donna Devino can prevail on a claim for unjust enrichment because they do not have

evidence to show that either defendant kept any portion of the disputed fee.  But discovery is not yet over and, in any event, if plaintiffs paid an amount the defendants should have paid instead, then the defendants might have been unjustly enriched even if they did not themselves retain the sums plaintiffs paid.  See, e.g., Aceto Corp. v. TherapeuticsMD, Inc., 953 F. Supp. 2d 1269, 1288-89 (S.D. Fla. 2013).  N.G.L. Travel Associates v. Celebrity Cruises, Inc., 764 So. 2d 672 (Fla. 3d DCA 2000) does not hold otherwise.  Finally, whether Finerman is an appropriate class representative should await a determination on plaintiffs' forthcoming motion for class certification.[1]

Two final points.  First, the Court disapproves of plaintiffs' practice of using footnotes for citations to legal authorities that should be in the text.  The small font is too hard to read and it results in evading the Court's page limitations.  See, for example, Doc. 96.  Future filings that follow this practice will be stricken.  Last, the Court is concerned about the sniping going on in the parties' papers.  It is not helpful to the Court and reflects poorly on counsel.

Accordingly, it is hereby

**ORDERED**:

1.      Plaintiffs' Motion for Leave to File a Second Amended Class Action Complaint (Doc. 72) is **GRANTED**.  No later than **January 19, 2017** plaintiffs shall file their Second Amended Class Action Complaint.  Defendants shall respond no later than **February 10, 2017**.

---

[1] The Court emphasizes it is not assessing the strength or ultimate merit of plaintiffs' claims.

2. Defendants' Motion for Partial Summary Judgment or, in the alternative, to Disqualify Daniel Finerman as Class Representative, and Motion to Dismiss Unjust Enrichment Claim of Plaintiff Donna Devino (Doc. 73) is **DENIED**.

3. Plaintiffs' Motion to Defer Consideration of Defendants' Motion for Partial Summary Judgment, etc. (Doc. 97) is **MOOT**.

4. Plaintiffs' Motion to Compel Answers to Plaintiffs' Request for Admissions (Doc. 112) is **GRANTED**. MORI shall serve answers to Plaintiffs' Requests for Admission no later than **February 13, 2017**.

5. Although MORI has not yet had an opportunity to respond to Plaintiffs' Motion to Compel Document Discovery (Doc. 113), the Court will **TERMINATE** the motion and direct the parties to confer one more time to try to resolve the outstanding discovery. Documents that MORI has agreed to produce should be produced no later than **January 23, 2017**; by that same date MORI shall state whether it is withholding any responsive materials. If the parties cannot work this out, plaintiffs may renew their motion by **February 6, 2017** and MORI shall respond by **February 21, 2017**.

6. In light of the new deadlines set forth above, and to put this case on a realistic schedule, the Court sets the remaining case deadlines and settings as follows:

| | |
|---|---|
| Disclosure of expert reports | **February 15, 2017** |
| Responses to expert reports | **March 15, 2017** |
| Close of discovery | **April 28, 2017** |
| Parties to file joint notice advising whether they wish to re-engage with their Mediator | **April 28, 2017** |

4

| | |
|---|---|
| Filing of dispositive, <u>Daubert</u> and motions for class certification | **May 31, 2017** |
| Responses to dispositive, <u>Daubert</u>, and class certification motions | **June 21, 2017** |
| Replies on dispositive, <u>Daubert</u>, and class certification motions (limited to 12 pages each) | **July 10, 2017** |
| Argument on dispositive, <u>Daubert</u>, and class certification motions | **October 17, 2017**<br>**2:00 p.m.**<br>(Courtroom 10D) |

The Court will set the final pretrial and trial settings as necessary once it rules on the pending motions. In all other respects the parties shall continue to be governed by the May 5, 2016 Case Management and Scheduling Order (Doc. 69). Plaintiffs' Motion to Stay Unexpired Deadlines (Doc. 102) is **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of January, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
Rodney A. Max, Esquire (Mediator)

5