# Exhibit 1

EXECUTION VERSION

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Agreement" or "Settlement Agreement") is made and entered into on January 17, 2018, by and among (1) the Settlement Class Representatives (as defined in Paragraph 27), for themselves and on behalf of the Settlement Class (as defined in Paragraph 23); (2) International Cruise & Excursion Gallery, Inc. ("ICE"); and (3) Marriott Ownership Resorts, Inc. and its successor in interest, Marriott Resorts, Travel Company, Inc. (collectively "MORI", and together with ICE, "Defendants"). The Settlement Class Representatives and Defendants, collectively referred to herein as the "Parties," enter into this Agreement by and through their respective counsel. This Agreement is subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure. For good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a final order and judgment, all claims of the Settlement Class Representatives and the Settlement Class against Defendants in the action titled *Finerman, et al. v. Marriott Ownership Resorts, Inc., et al.*, Case No. 3:14-cv-01154-TJC-MCR (M.D. Fla.) (the "Action") shall be settled and compromised upon the terms and conditions contained herein.

## I.    <u>DEFINITIONS</u>

In addition to the terms defined at various points within this Agreement, the following terms shall have the following meanings throughout this Agreement:

1.    "Claims Deadline" means ninety (90) days after the Notice Deadline.

2.    "Claim Form" or "Claim" means the form Settlement Class Members must submit to be eligible for relief under the terms of the Settlement, the proposed form of which is attached hereto as Exhibit A.

3.    "Court" means the United States District Court for the Middle District of Florida.

4.    "Defendants' Counsel" means:

> David L. Balser
> Jonathan R. Chally
> **KING & SPALDING LLP**
> 1180 Peachtree Street, NE
> Atlanta, Georgia 30309


> Philip R. Sellinger
> David E. Sellinger
> **Greenberg Traurig**
> 500 Campus Drive
> Florham Park, New Jersey 07932

5.      "Effective Date" means the first business day after which all of the following events have occurred: (a) Plaintiffs' Counsel and Defendants' Counsel have executed this Agreement; (b) the Court has entered the Final Approval Order (as defined in Paragraph 10); and (c) the time for seeking rehearing, appellate, or other review of the Final Approval Order has expired, or the Settlement is affirmed on appeal or review, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired. The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, the payment of attorneys' fees, costs, and expenses in the amounts that Plaintiffs' Counsel requests ("Fee Request"). Further, the Effective Date shall not be altered in the event that an appeal is filed with the sole issue on appeal being the Fee Request awarded to Plaintiffs' Counsel.

6.      "Exchange Point," as more specifically defined in the Exchange Procedures for Marriott Vacation Club Destinations Exchange Program, means the symbolic use measurement assigned to a Program Member which enables the Program Member to access the certain accommodations, services, and benefits provided by the Exchange Program.

7.      "Exchange Procedures for Marriott Vacation Club Destinations Exchange Program" means the April 18, 2012 version of this document (MORI _010565-87), or any subsequent amendments thereto.

8.      "Exchange Program" means the Marriott Vacation Club Destinations Exchange Program now operated by Marriott Resorts, Travel Company, Inc.

9.      "Final Approval" means the date that the Court enters the Final Approval Order.

10.      "Final Approval Order" means the order and judgment that the Court enters upon Final Approval, which shall be in the form attached hereto as Exhibit B.

11.      "NCF" means any fee denominated by a cruise line as non-commissionable fare, non-commissionable cruise fare, or similar terminology.

12.      "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement.

13.      "Notice Deadline" means thirty (30) days after Preliminary Approval.

14.      "Notice Program" means the notice plan and methods provided for in this Agreement, which consists of (1) a direct-mail notice to those Settlement Class Members for whom Defendants can ascertain a mailing address from their records with reasonable effort ("Mail Notice"); and (2) notice posted on the Settlement Website. The forms of notice shall be substantially in the forms attached as Exhibits C and D to this Agreement and approved by the Court.

**EXECUTION VERSION**

15.     "Objection Deadline" means sixty (60) days after the Notice Deadline.

16.     "Opt-Out Deadline" means sixty (60) days after the Notice Deadline.

17.     "Plaintiffs' Counsel" or "Settlement Class Counsel" means:

> John A. Yanchunis, Sr.
> **MORGAN & MORGAN COMPLEX LITIGATION GROUP**
> 201 N Franklin Street Tampa, FL 33602
>
> Joel R. Rhine
> **RHINE LAW FIRM, P.C.**
> Ste. 300
> 1612 Military Cutoff Road
> Wilmington, NC 28403

18.     "Preliminary Approval" means the date that the Court enters the Preliminary Approval Order provided in Paragraph 33.

19.     "Program Member" means a Direct Member or an Exchange Member in the Exchange Program, as more specifically defined in the Exchange Procedures for Marriott Vacation Club Destinations Exchange Program.

20.     "Releasing Parties" means the Settlement Class Representatives and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement, and each of their respective heirs, assigns, beneficiaries, and successors.

21.     "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Agreement including the exhibits hereto.

22.     "Settlement Administrator" means JND Legal Administration. Plaintiffs' Counsel and Defendants may, by agreement, substitute a different Settlement Administrator, subject to approval by the Court. In the absence of agreement, either Plaintiffs' Counsel or Defendants may move the Court to substitute a different Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

23.     "Settlement Class Members" or "Settlement Class" means all persons who fall within the settlement class definition set forth in Paragraph 25.

24.     "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following Preliminary Approval, but prior to the commencement of the Notice Program, as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Notice, the order preliminarily approving this Settlement, the Claim Form, the Second Amended Class Action Complaint, and such other documents as Plaintiffs' Counsel

EXECUTION VERSION

and Defendants agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website at least until Final Approval. The URL of the Settlement Website shall be agreed upon by Plaintiffs' Counsel and Defendants. Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall not include any advertising and shall remain operational until at least thirty (30) days after the Claims Deadline.

## II.   <u>SETTLEMENT CLASS</u>

25.    For settlement purposes only, the Parties agree that the Court should certify a class in the Action pursuant to Federal Rule of Civil Procedure 23(b)(3) defined as:

> All persons throughout the United States who from January 1, 2010 to the date of Preliminary Approval were Program Members of the Exchange Program and who booked a cruise through Defendants.

26.    Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, the officers and directors of Defendants, and persons who timely and validly request exclusion from the Settlement Class.

27.    For settlement purposes only, Plaintiffs' Counsel shall seek, and Defendants shall not oppose, the appointment of Plaintiffs' Counsel as Settlement Class Counsel and the appointment of Daniel Finerman and Donna Devino as settlement class representatives ("Settlement Class Representatives"). The Settlement Class Representatives will move for certification of the Settlement Class contemporaneously with their motion for preliminary approval of the Settlement. Defendants agree not to contest certification of the Settlement Class for the purpose of effectuating the Settlement.

## III.   <u>SETTLEMENT CONSIDERATION</u>

28.    <u>Remuneration</u>. Defendants agree to make available to Settlement Class Members one of the following forms of remuneration for a portion of the NCF paid on a cruise booking:

  a.  <u>Cash</u>.  50% of the cash value of the NCF a Settlement Class Member paid, returned in cash;

  b.  <u>Exchange Program PlusPoints</u>.  75% of the cash value of the NCF a Settlement Class Member paid, returned in a converted value of cruise-only Exchange Program PlusPoints, calculated at a rate of 75% of NCF/$.53 and rounded to the nearest ten (10) Exchange Point increment; or

c. <u>Gift Card</u>. 75% of the cash value of the NCF a Settlement Class Member paid, returned in an ICE-branded gift card that can be redeemed on a website created by ICE.

29.     Each Settlement Class Member is entitled to seek remuneration in any of the forms identified above for up to five (5) cruise bookings made between 2010 through the date of Preliminary Approval, and is further entitled to seek remuneration in the form of a Gift Card for cruise bookings in excess of five (5) made during that time period.

30.     To be entitled to this relief, a Settlement Class Member must submit by the Claim Deadline a valid Claim Form that identifies the form(s) of remuneration the Settlement Class Member elects, the Settlement Class Member's Exchange Program owner number, and the cruise booking(s) in connection with which the Settlement Class Member paid NCF charges and, through the Settlement, seeks to receive remuneration; provided, however, that any Settlement Class Member seeking cruise-only Exchange Program PlusPoints must elect to use such Exchange Program PlusPoints no later than three (3) years from the Claim Deadline. The cruise-only Exchange Program PlusPoints may only be used to book cruises fulfilled by ICE, and shall expire three (3) years from the Claim Deadline.

31.     This remuneration, as selected by a Settlement Class Member through a valid Claim Form, will be provided within sixty (60) days of the Effective Date.

32.     <u>Injunctive Relief</u>. Defendants agree to adopt and implement the following changes to the Exchange Program, to be effective upon Preliminary Approval:

a. <u>Expanded Point Usage</u>. Defendants will allow Program Members to use Exchange Points as complete payment for all amounts required to purchase a cruise through the Exchange Program, excluding government-imposed taxes and government-imposed fees.

b. <u>NCF Disclosures</u>. For as long as the obligations between Defendants and cruise lines allow, Defendants will include the amount of any NCF within the amount disclosed as "cruise fare" on booking confirmations provided to Program Members.  If a cruise line insists on a treatment for any amount denominated as an NCF, or a disclosure to consumer related to an NCF, that is inconsistent with what is described in the preceding sentence, Defendants will no longer be required to include the amount of any NCF within the amount disclosed as cruise fare on booking confirmations provided to Program Members and Defendants will have fully satisfied their obligations under this Settlement by complying with the requirements imposed by the cruise line.

## IV.     <u>PRELIMINARY APPROVAL</u>

33.     Upon execution of this Agreement by the Parties, Plaintiffs' Counsel shall promptly move the Court for an order granting preliminary approval of this Settlement ("Preliminary Approval Order"), substantially in the form of Exhibit E. The motion for preliminary approval shall request that the Court: (1) preliminarily approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notice; (4) approve the procedures set forth herein for Settlement Class Members to submit a Claim Form, to exclude themselves from the Settlement Class, or to object to the Settlement; (5) stay all proceedings in the Action unrelated to the Settlement pending Final Approval of the Settlement; (6) stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning a Released Claim; and (7) schedule a Final Approval hearing for a time and date convenient for the Court, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith and should be finally approved, and determine whether to approve Plaintiffs' Counsel's application for attorneys' fees, costs, and expenses ("Final Approval Hearing").

34.     Within ten (10) days of the filing of the motion for preliminary approval, the Settlement Administrator shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## V.     <u>SETTLEMENT ADMINISTRATOR</u>

35.     The Settlement Administrator shall administer various aspects of the Settlement as described in Paragraph 36 and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, overseeing administration of the Settlement; providing Notice to Settlement Class Members as described in Section VI; establishing and operating the Settlement Website and a toll-free number; administering the claims processes; and distributing to, or notifying, Settlement Class Members, as the case may be, of any remuneration provided to them through the Settlement.

36.     The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, include:

     a.     Obtaining from Defendants the name, mailing address, and/or e-mail address information of Settlement Class Members for the purpose of sending Notice to Settlement Class Members to the extent that such information is reasonably available from Defendants' records;

     b.     Establishing and maintaining a post office box for mailed written notifications of exclusion from the Settlement Class;

     c.     Establishing and maintaining the Settlement Website;

d. Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries;

e. Responding to any mailed Settlement Class Member inquiries;

f. Processing all written notifications of exclusion from the Settlement Class;

g. Providing weekly reports and, no later than ten (10) days after the Opt-Out Deadline, a final report to Plaintiffs' Counsel and Defendants, that summarize the number of written notifications of exclusion received that week, the total number of written notifications of exclusion received to date, and other pertinent information as requested by Plaintiffs' Counsel and Defendants' Counsel;

h. In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly provided written notification of exclusion from the Settlement Class;

i. Reviewing, determining the validity of, and responding to all Claims submitted by Settlement Class Members, pursuant to criteria set forth herein;

j. After the Effective Date, processing and transmitting distributions to Settlement Class Members in accordance with Section III;

k. Providing weekly reports and a final report to Plaintiffs' Counsel and Defendants' counsel that summarize the number of Claims since the prior reporting period, the total number of Claims received to date, the number of any Claims approved and denied since the prior reporting period, the total number of Claims approved and denied to date, and other pertinent information as requested by Plaintiffs' Counsel and Defendants' Counsel; and

l. Performing any function related to Settlement administration at the agreed-upon instruction of both Plaintiffs' Counsel and Defendants' Counsel.

37. All costs incurred by the Settlement Administrator shall be borne by and separately paid by Defendants.

## VI.   NOTICE, OPT-OUTS, AND OBJECTIONS

38. Upon Preliminary Approval of the Settlement, the Settlement Administrator will implement the Notice Program provided herein, using the forms of Notice approved by the

EXECUTION VERSION

Court in the Preliminary Approval Order. The Notice will include, among other information: a description of the material terms of the Settlement; the date by which Settlement Class Members must submit a Claim Form; the date by which Settlement Class Members may object to the Settlement; the date upon which the Final Approval Hearing will occur; and the address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information.

39.     The Notice Program has two components: Mail Notice and Notice on the Settlement Website. The Settlement Administrator shall send direct Mail Notice to all Settlement Class Members for whom Defendants can ascertain a mailing address from their records with reasonable effort. For any Mail Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-mail the Mail Notice to the updated address as indicated. For any Mail Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses (such as running the mailing address through the National Change of Address Database) and re-mail the Mail Notice to the extent updated addresses are identified. The Settlement Administrator need only make one attempt to re-mail any Mail Notices that are returned as undeliverable. In the event both Mail Notices are returned undeliverable, the Settlement Administrator shall send an electronic version of the Mail Notice to such Settlement Class Members for whom Defendants can ascertain an email address from their records with reasonable effort. For any Email Notices that are returned undeliverable with forwarding email address information, the Settlement Administrator shall re-email the Email Notice to the updated address as indicated. For any Email Notices that are returned undeliverable without forwarding address information, the Settlement Administrator need take no further action.

40.     The Notice shall include a procedure for Settlement Class Members to exclude themselves from the Settlement Class by notifying the Settlement Administrator in writing of the intent to exclude himself or herself from the Settlement Class. Such written notification must be postmarked no later than the Opt-Out Deadline, as specified in the Notice. The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature. The Settlement Administrator shall provide the Parties with copies of all opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Plaintiffs' Counsel may move to file under seal with the Court no later than ten (10) days prior to the Final Approval Hearing. Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of the Settlement.

41.     The Notice shall also include a procedure for Settlement Class Members to object to the Settlement and/or to Plaintiffs' Counsel's application for attorneys' fees, costs, and expenses and for Service Awards. Objections to the Settlement or to the application for fees, costs, and expenses and for Service Awards must be filed electronically with the Court, or mailed to the Clerk of the Court, Plaintiffs' Counsel, and Defendants' Counsel. For an objection to be considered by the Court, the objection must be: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Plaintiffs' Counsel, and Defendants' Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the

Court, the objection must also set forth:

a.   the name of the Action;

b.   the objector's full name, address, email address, and telephone number;

c.   an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.   all grounds for the objection, accompanied by any legal support for the objection;

e.   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards;

f.   the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

g.   the number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

h.   the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

i.   any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

j.   a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

k.   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

l.   the objector's signature on the written objection (an attorney's signature

**EXECUTION VERSION**

is not sufficient).

42.     The Mail Notice Program shall be completed by the Notice Deadline, excluding any re-mails for Mail Notices that are returned undeliverable and associated Email Notices where applicable.

43.     The Settlement Administrator shall post the Notice on the Settlement Website in the form agreed to by the Parties and approved by the Court. The Notice shall be posted on the Settlement Website by the Notice Deadline.

44.     Defendants shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees.

## VII.    **FINAL APPROVAL ORDER AND JUDGMENT**

45.     Settlement Class Representatives' motion for preliminary approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. The Final Approval Hearing shall be scheduled no earlier than 90 days after the CAFA notices are mailed to ensure compliance with 28 U.S.C § 1715. By no later than 30 days prior to the Objection Deadline, Settlement Class Representatives shall file a motion for final approval of the Settlement. By no later than 15 days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or Plaintiffs' Counsel's application for attorneys' fees, costs, and expenses and for Service Awards. At the Final Approval Hearing, the Court will consider Settlement Class Representatives' motion for final approval of the Settlement, and Plaintiffs' Counsel's application for attorneys' fees, costs, and expenses and for Service Awards. In the Court's discretion, the Court also may hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the application for attorneys' fees, costs, and expenses and for Service Awards, provided the objectors filed timely objections that meet all of the requirements listed in Paragraph 41.

46.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting final approval of the Settlement, and whether to approve Plaintiffs' Counsel's request for attorneys' fees, costs, and expenses, and the Service Awards. Such proposed Final Approval Order shall, among other things:

  a.     Determine that the Settlement is fair, adequate, and reasonable;

  b.     Finally certify the Settlement Class for settlement purposes only;

  c.     Determine that the Notice provided satisfies Due Process requirements;

  d.     Dismiss the Action with prejudice;

  e.     Bar and enjoin the Releasing Parties from asserting any of the Released Claims, as set forth in Section VIII, including during the pendency of any

**EXECUTION VERSION**

appeal from the Final Approval Order;

f.     Release Defendants and the Released Parties from the Released Claims, as set forth in Section VIII; and

g.     Reserve the Court's continuing and exclusive jurisdiction over Defendants and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## VIII.  **RELEASES**

47.    As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and his or her respective heirs, assigns, beneficiaries, and successors, and whether or not such Releasing Party executes and delivers a Claim Form, shall automatically be deemed to have fully and irrevocably released and forever discharged Defendants and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns (collectively the "Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to (1) the booking or purchase of cruises from or through Defendants through the Exchange Program; (2) the payment of NCFs for such cruises, and/or (3) the recording of telephone calls concerning the booking or purchase of cruises from or through Defendants through the Exchange Program (the "Released Claims").

48.    For the avoidance of doubt, the Released Claims include any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under federal, state, or foreign law; causes of action under the common or civil laws of any federal, state, or foreign jurisdiction, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure; and also including, but not limited to, any and all claims in any federal, state, or foreign court, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, statutory penalties, restitution, the appointment of a receiver, and any other form of relief. The Released Claims do not include any claims arising from or relating to any conduct by Defendants after the date that Preliminary Approval is granted.

49.    The Releasing Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Re-leased Claims. Nevertheless, upon the Effective Date, the Releasing Parties shall be deemed to

EXECUTION VERSION

have fully, finally, and forever settled and released, any and all Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

50.    With respect to any and all Released Claims against any and all Released Parties, the Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall have expressly waived the provisions, rights, and benefits of California Civil Code § 1542 or any federal, state, or foreign law, rule, regulation, or common-law doctrine that is similar, comparable, equivalent, or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

51.    Upon entry of the Final Judgment, the Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Judgment. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## IX.    ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

52.    Service Awards. Plaintiffs' Counsel will ask the Court to approve, and Defendants will not oppose, service awards not to exceed $10,000 for each Settlement Class Representative, which are intended to compensate such individuals for their efforts in the litigation and commitment on behalf of the Settlement Class ("Service Awards"). Any Service Awards approved by the Court will be paid by Defendants within thirty (30) days of the Effective Date. Neither Plaintiffs' Counsel's application for, nor any individual's entitlement to, a Service Award shall be conditioned in any way upon such individual's support for this Agreement. The Service Awards approved by the Court will be paid by Defendants without reduction of the benefits being provided to Settlement Class Members.

53.    Attorneys' Fees, Costs, and Expenses. Plaintiffs' Counsel will make its application for attorneys' fees, costs, and expenses pursuant to a Fee Request at least 15 days before the Objection Deadline and in such Fee Request will not seek more than $4,000,000 in attorneys' fees or $300,000 in costs and expenses. Defendants reserve the right to object to Plaintiffs' Counsel's request for attorneys' fees to the extent the request exceeds $3,000,000 in attorneys' fees or Plaintiffs' request to seek costs and expenses in excess of $300,000. The finality or effectiveness of the Settlement will not be dependent on the Court awarding Plaintiffs' Counsel any particular amount on their Fee Request and shall not alter the Effective Date.

54.     Within thirty (30) calendar days of the Effective Date, Defendants shall pay to Plaintiffs' Counsel all Court- approved attorneys' fees, costs, and expenses. In the event that the award of attorneys' fees, costs, and expenses is reduced on appeal, Defendants shall only pay the reduced amount of such award. Plaintiffs' Counsel shall timely furnish to Defendants any required tax information, account information, or necessary forms before the payment is due.

55.     The payment of attorneys' fees, costs, and expenses pursuant to Paragraphs 53 and 54 shall be made through a wired deposit by Defendants into the attorney client trust account to be designated by Plaintiffs' Counsel. After the attorneys' fees, costs, and expenses have been deposited into this account, Plaintiffs' Counsel shall be solely responsible for allocating such attorneys' fees, costs, and expenses and distributing each participating firm's allocated share of such attorneys' fees, costs, and expenses to that firm and Defendants shall have no responsibility for distribution of attorneys' fees, costs, or expenses among participating firms.

56.     In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees, costs, and expenses in the amounts that Plaintiffs' Counsel requests, the remaining provisions of this Agreement shall remain in full force and effect. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of attorneys' fees, costs, and expenses shall constitute grounds for cancellation or termination of this Agreement.

## X.     <u>TERMINATION</u>

57.     Defendants shall have the option and sole discretion to terminate the Settlement Agreement if the Settlement Class Members who would otherwise be entitled to participate as members of the Settlement Class but who submit timely and valid requests to opt out of the Settlement equals or exceeds 5% or more of the total number of Settlement Class Members.  To exercise this option, Defendants must provide written notice of its withdrawal from the Settlement pursuant to this paragraph no later than seven (7) calendar days prior to the Final Approval Hearing.

58.     This Settlement may be terminated by either Settlement Class Representatives or Defendants by serving on counsel for the opposing Party and filing with the Court a written notice of termination within fourteen (14) days (or such longer time as may be agreed between Plaintiffs' Counsel and Defendants) after any of the following occurrences:

     a.    Plaintiffs' Counsel and Defendants agree to termination before the Effective Date;

     b.    The Settlement fails to achieve Preliminary Approval or the Court fails to enter the Preliminary Approval Order, in substantially the form of Exhibit E, on or before August 31, 2018 (excluding any dispute solely as to attorneys' fees, costs, or expenses);

      c.      The Settlement fails to achieve Final Approval or the Court fails to enter the Final Approval Order, in substantially the form of Exhibit B, on or before May 31, 2019 (excluding any dispute solely as to attorneys' fees, costs, or expenses);

      d.      The Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the Preliminary Approval Order, the proposed Final Approval Order, or the Settlement; or

      e.      The Effective Date does not occur.

59.    In the event of a termination as provided in Paragraphs 57 and 58, this Agreement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

## XI.   <u>NO ADMISSION OF LIABILITY</u>

60.    Defendants dispute the claims alleged in the Action and do not by this Agreement or otherwise admit any liability or wrongdoing of any kind. Defendants have agreed to enter into this Agreement solely to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

61.    Plaintiffs' Counsel and Settlement Class Representatives believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Plaintiffs' Counsel and Settlement Class Representatives have concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

62.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

63.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Settlement Class Representatives or Settlement Class Members, or of any wrongdoing or liability of the Released

EXECUTION VERSION

Parties; (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be, an admission of, or evidence of, the propriety of class certification except in the context of a settlement.

## XII.   **MISCELLANEOUS**

64.    No Liability for Unauthorized Claims, Opt-Out Requests, or Administration of Settlement. Defendants shall have no responsibility, obligation, or liability for any actions related to the administration of the settlement, including submission of a Claim Form, determining the validity of the Claim Form or a right to receive funds related to the Settlement, a request to opt-out of the Settlement, or any other aspect associated with administering the Settlement.

65.    Singular and Plurals. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

66.    Binding Effect. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

67.    Cooperation of Parties. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

68.    Integration. This Agreement (along with any Exhibits attached hereto) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

69.    No Conflict Intended. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

70.    Governing Law. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Florida, without regard to the principles thereof regarding choice of law.

71.    Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

72.    Jurisdiction. The Court shall retain jurisdiction over the implementation,

EXECUTION VERSION

enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

73. <u>Notices</u>. All notices to Plaintiffs' Counsel provided for herein shall be sent by overnight mail to:

       John A. Yanchunis, Sr.
       **MORGAN & MORGAN COMPLEX LITIGATION GROUP**
       201 N Franklin Street
       Tampa, FL 33602

       Joel R. Rhine
       **RHINE LAW FIRM, P.C.**
       Ste. 300
       1612 Military Cutoff Road
       Wilmington, NC 28403

All notices to Defendants provided for herein shall be sent by overnight mail to:

       David L. Balser
       Jonathan R. Chally
       **KING & SPALDING LLP**
       1180 Peachtree Street, NE
       Atlanta, Georgia 30309

       Philip R. Sellinger
       David E. Sellinger
       **Greenberg Traurig**
       500 Campus Drive
       Florham Park, New Jersey 07932

       The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

82. <u>Authority</u>. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this

**EXECUTION VERSION**

Agreement.

83.    <u>No Construction Against Drafter</u>. This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.


IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth above.

**COUNSEL FOR THE PLAINTIFFS.**

By: _____
Name

**COUNSEL FOR INTERNATIONAL CRUISE & EXCURSION GALLERY, INC.**

By: _____
Name


**MARRIOT OWNERSHIP RESORTS, INC. and its successor in interest, MARRIOTT RESORTS, TRAVEL COMPANY, INC.**

By: _____
Name

EXECUTION VERSION

Agreement.

83.  No Construction Against Drafter. This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth above.

**COUNSEL FOR THE PLAINTIFFS.**

By: _____
Name: John A. Yanchunis

**COUNSEL FOR INTERNATIONAL CRUISE & EXCURSION GALLERY, INC.**

By: _____
Name     Jonathan R. Chally

**MARRIOT OWNERSHIP RESORTS, INC. and its successor in interest, MARRIOTT RESORTS, TRAVEL COMPANY, INC.**

By: _____
Name

**EXECUTION VERSION**

Agreement.

83.     No Construction Against Drafter. This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.


IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth above.

**COUNSEL FOR THE PLAINTIFFS.**

By: _____
Name

**COUNSEL FOR INTERNATIONAL CRUISE & EXCURSION GALLERY, INC.**

By: _____
Name

**MARRIOT OWNERSHIP RESORTS, INC. and its successor in interest, MARRIOTT RESORTS, TRAVEL COMPANY, INC.**

By: _____
Name  RALPH LEE CUNNINGHAM
      VICE PRESIDENT

17

# Exhibit A

[barcode]

# CLAIM FORM

*Finerman, et al. v. Marriott Ownership Resorts, Inc., et al.*
U.S. District Court, Middle District of Florida, Case No. 3:14-cv-01154-TJC-MCR

[CLASS MEMBER NAME]
[ADDRESS 1]
[ADDRESS 2]
[CITY], [STATE] [ZIP]

| Name/Address Changes (if any). Please enter below: |
|---|
| First Name                Last Name |
| Address |
| City                State        Zip |

Each Settlement Class Member is entitled to seek remuneration in any of the forms identified below for up to five (5) qualifying cruise bookings made between 2010 through [PRELIMINARY APPROVAL DATE]. Each Settlement Class Member is further entitled to seek remuneration in the form of a Gift Card for cruise bookings in excess of five (5) made during that time period. **YOU MUST COMPLETE AND SIGN THIS CLAIM FORM BELOW AND RETURN IT TO RECEIVE YOUR SETTLEMENT PROCEEDS DESCRIBED IN THE ACCOMPANYING CLASS ACTION NOTICE.**

It must be postmarked or received by [DATE] by mail or email to the address below, or you may submit an online Claim Form at www.CruiseFareSettlement.com.

Cruise Fare Settlement
c/o JND Legal Administration
PO Box 91344
Seattle, WA 98111
*Email*: Info@CruiseFareSettlement.com

**SECTION I:** To elect your preferred benefit, please enter your Owner Number and select *one* of the following options for remuneration:

**Exchange Program Owner Number**: _____

☐ **Cash**:  I elect to receive 50% of the cash value of the NCF (non-commissionable fare) that I paid for my cruise booking(s), returned in cash.

☐ **Exchange Program PlusPoints**:  I elect to receive 75% of the cash value of the NCF (non-commissionable fare) that I paid for my cruise booking(s), returned in a converted value of cruise-only Exchange Program PlusPoints, calculated at a rate of 75% of NCF/$0.53 and rounded to the nearest ten (10) Exchange Point increment. Each Settlement Class Member who elects to receive cruise-only Exchange Program PlusPoints must elect to use such Exchange Program PlusPoints no later than three (3) years from the Claim Deadline. The cruise-only Exchange Program PlusPoints must only be used to book cruises fulfilled by ICE, and shall expire three (3) years from the Claim Deadline.

☐ **Gift Card**:  I elect to receive 75% of the cash value of the NCF (non-commissionable fare) that I paid for my cruise booking(s), returned in an ICE-branded gift card that can be redeemed on a website created by ICE.

*~ OVER ~*

**SECTION II:**  Please enter below the date and departing city for all cruise bookings made between 2010 and [PRELIMINARY APPROVAL DATE] for which you are seeking remuneration. Please attach additional pages if you need more space.

_____

_____

_____

_____

_____

**ATTESTATION:**  I do hereby swear (or affirm), under penalty of perjury, that the information provided above is true and accurate to the best of my knowledge and that I am entitled to file this Claim Form and receive any compensation that may be owed.

_____          _____

Signature of Claimant                                                    Date

*WE ADVISE YOU TO KEEP A COPY OF THIS CLAIM FORM FOR YOUR RECORDS.*

# Exhibit B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANIEL FINERMAN and DONNA
DEVINO, individually and on behalf of
all others similarly situated,

                    Plaintiffs,        Case No.:  3:14-cv-1154-J-32MCR

      vs.

MARRIOTT OWNERSHIP RESORTS, INC.,
a foreign corporation, and INTERNATIONAL
CRUISE & EXCURSION GALLERY, INC., a
foreign corporation,

                   Defendants.

_____/

## <u>FINAL JUDGMENT AND ORDER APPROVING THE CLASS SETTLEMENT</u>

On [**DATE**], this Court entered an order granting preliminary approval (the "Preliminary

Approval Order") of the settlement between Plaintiffs Daniel Finerman and Donna Devino

("Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and

Defendants Marriott Ownership Resorts, Inc. ("MORI") and International Cruise & Excursion

Gallery, Inc. ("ICE"), as memorialized in the Settlement Agreement attached as Exhibit 1 to

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of

Settlement Class (the "Settlement Agreement") (Doc. _____.)[1]

On [**DATE**,] the Court held a fairness hearing (the "Fairness Hearing"), for which

members of the Settlement Class had been given appropriate notice.  An opportunity to be heard

was given to all persons requesting to be heard in accordance with the Preliminary Approval

---

[1]  Unless otherwise indicated, capitalized terms used herein shall have the same meaning as in
the Settlement Agreement.

Order. Having considered the Settlement Agreement, Plaintiffs' Motion for Final Approval of the Class Action Settlement, and Motion for Service Award and Attorney's Fees, Costs, and Expenses, and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1.     This Court has jurisdiction over Defendants and all Settlement Class Members (including all objectors), the Escrow Account, and the claims asserted in the Action for purposes of the Settlement.

2.     The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3.     This Court grants final approval of the Settlement, including but not limited to, the Releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.  Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement.

## <u>CLASS CERTIFICATION</u>

4.     The previously certified class set forth below (the "Settlement Class") is now finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons throughout the United States who from January 1, 2010 to the date of Preliminary Approval were Program Members of the Exchange Program and who booked a cruise through Defendants.
>
> Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, the officers and directors of either of the Defendants, and persons who timely and validly request exclusion from the Settlement Class.

5.     The Court finds that certification of the Settlement Class solely for purposes of this Settlement is appropriate in that (a) the Settlement Class is so numerous that joinder of all

members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately protected the interests of the Settlement Class and will continue to do so; (e) John A. Yanchunis and Joel R. Rhine are adequate Settlement Class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.      Daniel Finerman and Donna Devino are designated as representatives of the Settlement Class (the "Settlement Class Representatives").

7.      John A. Yanchunis, Sr. and Joel R. Rhine are appointed as Settlement Class Counsel.

## CLASS NOTICE

8.      Notice to the Settlement Class fully complied with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.  The Court approved the forms of notice to the Settlement Class.

9.      With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  Notice was given by Mail in accordance with the Settlement Agreement and the Preliminary Approval Order.  The Class Notice, Claim Form, Preliminary Approval Order, Petition for Attorney's Fees, and Settlement Agreement (without exhibits) were also posted on the Settlement Website at [www.website.com]. These forms of class notice fully complied with the requirements of Rule 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and were due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.  A total of _____ valid and timely claim forms were submitted.

## OBJECTIONS AND OPT-OUTS

10.     No objections were filed by Settlement Class Members.

11.     [**Identify Opt outs**] validly requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class.  (Doc. _____)

## CLASS COMPENSATION

12.     Within sixty (60) days of the Effective Date, Defendants shall distribute to the Settlement Class Members who submitted timely and valid claim forms remuneration in accordance with the Settlement Agreement.

## AWARD OF ATTORNEYS' FEES AND INCENTIVE AWARD

13.     The Court has considered Settlement Class Counsel's Motion for Service Award and Attorneys' fees, costs, and expenses.  The Court awards Settlement Class Counsel the sum of $_____ as an award of attorneys' fees, costs, and expenses to be paid within thirty (30) days of the Effective Date, in accordance with the Settlement Agreement, and the Court finds this amount of fees and costs to be fair and reasonable.

14.     The Court grants Settlement Class Counsel's request for Service Awards to the Class Representatives and awards $_____ each to Daniel Finerman and Donna Devino.  The Court finds that this payment is justified by the Class Representatives' service to the Settlement Class.  This payment shall be made within thirty (30) days of the Effective Date.

## OTHER PROVISIONS

15.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

16.     Neither the Settlement Agreement, the Preliminary Approval Order, this Order finally approving the settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, and Final

Approval Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, nor of the certifiability of any class other than Settlement Class described herein, and shall not he offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

17.    Settlement Class Counsel and the Settlement Administrator shall file a final accounting detailing the distribution of the Settlement Amount by [**DATE**].

18.    In the Preliminary Approval Order, this Court approved JND Legal Administration as the Settlement Administrator.  The Settlement Administrator shall make all distributions to the Settlement Class Members pursuant to the terms of the Settlement Agreement and this Court's orders.

19.    This action is hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41.  However, with the consent of the Parties the Court retains jurisdiction for the purpose of enforcing the terms of the Settlement and of this Final Judgment and Order.

20.    As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and his or her respective heirs, assigns, beneficiaries, and successors, and whether or not such Releasing Party executes and delivers a Claim Form, shall automatically be deemed to have fully and irrevocably released and forever discharged Defendants and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns (collectively

the "Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the booking or purchase of cruises from or through Defendants through the Exchange Program (the "Released Claims").  In addition, upon the Effective Date, the Settlement Class Members shall be deemed to have waived the provisions of California Civil Code § 1542, which provides that a general release does not extend to Claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor.

21.     Settlement Class Counsel has waived, discharged, and released the Released Parties of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Action.

ENTER:

Dated:  _____          _____
                                                  The Honorable Timothy J. Corrigan
                                                  United States District Judge

# Exhibit C

## LEGAL NOTICE

You have been identified as a potential Settlement Class Member in a lawsuit, and you may be entitled to receive remuneration in connection with the settlement of that lawsuit.  The lawsuit alleges that International Cruise & Excursion Gallery, Inc. and Marriott Ownership Resorts, Inc. (collectively "Defendants") improperly charged certain fees to members of the Marriott Vacation Club Destinations Exchange Program ("Exchange Program") when the members sought to book cruises using Exchange Points they obtained as members of the Exchange Program.  Defendants deny the claims, but the parties have decided to settle rather than go to trial.  Class Members have legal rights and options, and you may need to take action to protect your rights.

**WHO IS INCLUDED:**  The Settlement Class includes, "All persons throughout the United States who from January 1, 2010 to the date of Preliminary Approval were Program Members of the Exchange Program and who booked a cruise through Defendants."

**SETTLEMENT BENEFITS:**  Defendants have agreed to pay remuneration to compensate Settlement Class Members. Settlement Class Members who submit timely, valid Claim Forms may elect one of the following benefits: (a) *Cash*: 50% of the cash value of the NCF (non-commissionable fare) they paid, returned in cash; (b) *Exchange Program PlusPoints*: 75% of the cash value of the NCF they paid, returned in a converted value of cruise-only Exchange Program PlusPoints; or (c) *Gift Card*: 75% of the cash value of the NCF they paid, returned in an ICE-branded gift card. Each Settlement Class Member is entitled to seek remuneration in any of the forms identified above for up to five (5) cruise bookings made between 2010 through the date of Preliminary Approval, and is further entitled to seek remuneration in the form of a Gift Card for cruise bookings in excess of five (5) made during that time period. Claim Forms must be postmarked or received by [MONTH DAY], 2018.

**MORE INFORMATION:**  Detailed information regarding the proposed Settlement is available at www.CruiseFareSettlement.com, including copies of the Settlement Agreement, Class Action Notice, and other important documents.  Settlement Class Members may also submit a Claim Form on the website or download a Form to submit by mail or email.  If you have questions, you may call the Settlement Administrator toll-free at 1-866-537-9618.

If you do not want to be legally bound by the settlement, you must exclude yourself by [MONTH DAY], 2018.  If you stay in the Settlement, you may object by [MONTH DAY], 2018.  The Court will hold a hearing on [MONTH DAY], 2018 to consider the Settlement.  More information about excluding yourself from the Settlement or objecting is in the Class Action Notice, available at www.CruiseFareSettlement.com.

**QUESTIONS?  CALL 1-866-537-9618 TOLL-FREE, OR VISIT WWW.CRUISEFARESETTLEMENT.COM**

---

## IMPORTANT NOTICE REGARDING A CLASS ACTION SETTLEMENT

**If you were a member of the Marriott Vacation Club Destinations Exchange Program and booked a cruise through International Cruise & Excursion Gallery, Inc., you could get a benefit from a class action settlement.**

**Cruise Fare Settlement**
c/o JND Legal Administration
PO Box 91344
Seattle, WA 98111

List ID: ICE01234567

[IM Barcode]
[CLASS MEMBER NAME]
[ADDRESS_1]
[ADDRESS_2]
[CITY], [STATE]  [ZIP]

FIRST CLASS
MAIL
US POSTAGE
PAID
Permit #__

# Exhibit D

UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA

# If you were a member of the Marriott Vacation Club Destinations Exchange Program and booked a cruise through International Cruise & Excursion Gallery, Inc., you could get a benefit from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

## CRUISE FARE SETTLEMENT

**Case Name:** *Daniel Finerman, et al. v. Marriott Ownership Resorts, Inc., et al.*, Case No. 3:14-cv-01154-TJC-MCR

**Class Period:** January 1, 2010 through [PRELIMINARY APPROVAL DATE]

**Deadlines:**

- **Claim Filing: [MONTH DAY], 2018**

- **Exclusions: [MONTH DAY], 2018**

- **Objections: [MONTH DAY], 2018**

- **Court Hearing on Final Approval of Settlement: [MONTH DAY], 2018**

**Settlement Terms:** The proposed Settlement provides that all persons throughout the United States who, from January 1, 2010 through [PRELIMINARY APPROVAL DATE], were Program Members of the Marriott Vacation Club Destinations Exchange Program ("Exchange Program") and who booked a cruise through Defendants may be entitled to proceeds of a settlement if they submit a valid claim form. The terms of the proposed Settlement address many issues involving fares charged for such cruise bookings.

**Settlement Amount:** Subject to Court approval, each Class Member who submits a valid claim shall receive one of three types of remuneration, as elected when submitting their Claim Form. Types of remuneration available include: Cash, Exchange Program PlusPoints, and Gift Card, further detailed in this notice.

**Attorney Fees:** Court-appointed lawyers for Plaintiffs will ask the Court for up to $4,000,000 as fees, plus out-of-pocket expenses up to $300,000, for investigating the facts, litigating the case, and negotiating the Settlement.

**More Information:**

Cruise Fare Settlement
c/o JND Legal Administration
PO Box 91344
Seattle, WA 98111

Toll Free: 1-866-537-9618
Email: Info@CruiseFareSettlement.com
www.CruiseFareSettlement.com

## Your Legal Rights and Options in the Settlement:

| | |
|---|---|
| **Submit a Claim Form** | The only way to receive a benefit. |
| **Exclude Yourself** | Get no benefit or remuneration. This is the only option that allows you to ever be part of any other lawsuit against the Defendants regarding the legal claims in this case. |
| **Object to the Settlement** | Write to the Court about why you don't like the Settlement. |
| **Go to the Final Approval Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | Get no payment. Give up rights. |

Questions? Contact the Settlement Administrator toll-free at 1-866-537-9618 or visit www.CruiseFareSettlement.com

# What This Notice Contains

Basic Information ................................................................. 2

Who Is In The Settlement ..................................................... 3

The Settlement Benefits ........................................................ 3

How You Get A Benefit ......................................................... 4

Excluding Yourself From The Settlement ............................ 4

The Lawyers Representing You .............................................. 5

Objecting To The Settlement ................................................. 5

The Court's Final Approval Hearing ..................................... 6

Getting More Information ...................................................... 7

# Basic Information

## 1.  Why did I receive this notice?

You have been identified as a potential Settlement Class Member who may have booked a cruise through International Cruise & Excursion Gallery, Inc. ("ICE") and/or Marriott Ownership Resorts, Inc. and its successor in interest, Marriott Resorts, Travel Company, Inc. (collectively "MORI", and together with ICE, "Defendants") between January 1, 2010 and [PRELIMINARY APPROVAL DATE]. The Court authorized this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after objections and appeals are resolved, an administrator appointed by the Court will distribute the benefits that the Settlement allows.

This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The Court in charge of the case is the United States District Court for the Middle District of Florida, and the case is known as *Finerman, et al. v. Marriott Ownership Resorts, Inc., et al.*, Case No. 3:14-cv-01154-TJC-MCR. The people who sued are called the Plaintiffs, and the companies they sued are called the Defendants.

You can also visit the settlement website at www.CruiseFareSettlement.com to find out more information.

## 2.  What is this lawsuit about?

The Plaintiffs, Daniel Finerman and Donna Devino, on behalf of themselves and all others similarly situated, brought claims by a complaint as a putative class action challenging certain fees they were charged to book cruises when using Exchange Points they obtained as members of the Exchange Program. The complaint alleges that Defendants failed to provide cruises in exchange for Class Members' points and charged Class Members additional sums to cover the costs of cruises under the guise of port fees or cruise line pass through fees.

Defendants deny any and all liability or wrongdoing with respect to the claims alleged in the lawsuit but desire to settle the case to avoid the risk, expense, and distraction of continued litigation.

## 3.  Why is this a class action?

In a class action, one or more people, called Class Representatives (in this case, Daniel Finerman and Donna Devino), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4.  Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will receive benefits if they submit a claim. The Class Representatives and the attorneys think the Settlement is best for everyone involved.

Questions? Contact the Settlement Administrator toll-free at 1-866-537-9618 or visit www.CruiseFareSettlement.com

Page 2 of 7

## Who Is In The Settlement

### 5.   How do I know if I am part of the Settlement?

The Court has decided that, for settlement purposes, Class Members are defined as "all persons throughout the United States who from January 1, 2010 to the date of Preliminary Approval were Program Members of the Exchange Program and who booked a cruise through Defendants."

### 6.   Are there exceptions to being included?

Excluded from the Class is the judge presiding over this matter and any members of his judicial staff, the officers and directors of Defendants, and persons who timely and validly request exclusion from the Settlement Class.

### 7.   I'm still not sure if I am included.

If you are still not sure if you are included in the Class, you may speak with a settlement specialist by calling the Settlement Administrator toll-free at 1-866-537-9618.

## The Settlement Benefits

### 8.   What does the Settlement provide?

Each Settlement Class Member is entitled to seek remuneration in any of the forms identified below for up to five (5) cruise bookings made between 2010 and the date of Preliminary Approval, and is further entitled to seek remuneration in the form of a Gift Card for cruise bookings in excess of five (5) made during that time period. Defendants have agreed to pay remuneration for a portion of any fee denominated by a cruise line as non-commissionable fare, non-commissionable cruise fare, or similarly termed fee or fare ("NCF") paid on a cruise booking:

1.  Cash: 50% of the cash value of the NCF a Settlement Class Member paid, returned in cash;

2.  Exchange Program PlusPoints: 75% of the cash value of the NCF a Settlement Class Member paid, returned in a converted value of cruise-only Exchange Program PlusPoints, calculated at a rate of 75% of NCF/$0.53 and rounded to the nearest ten (10) Exchange Point increment; or

3.  Gift Card: 75% of the cash value of the NCF a Settlement Class Member paid, returned in an ICE-branded gift card that can be redeemed on a website created by ICE.

Each Settlement Class Member who elects to receive cruise-only Exchange Program PlusPoints must elect to use such Exchange Program PlusPoints no later than three (3) years from the Claim Deadline. The cruise-only Exchange Program PlusPoints must only be used to book cruises fulfilled by ICE, and shall expire three (3) years from the Claim Deadline.

As injunctive relief, Defendants also agree to adopt and implement the following changes to the Exchange Program, to be effective upon Preliminary Approval:

a.  Expanded Point Usage: Defendants will allow Program Members to use Exchange Points as complete payment for all amounts required to purchase a cruise through the Exchange Program, excluding government-imposed taxes and government-imposed fees.

b.  NCF Disclosures: For as long as the obligations between Defendants and cruise lines allow, Defendants will include the amount of any NCF within the amount disclosed as "cruise fare" on booking confirmations provided to Program Members. If a cruise line insists on a treatment for any amount denominated as a NCF, or a disclosure to consumer related to a NCF, that is inconsistent with what is described in the preceding sentence, Defendants will no longer be required to include the amount of

Questions? Contact the Settlement Administrator toll-free at 1-866-537-9618 or visit www.CruiseFareSettlement.com

Page 3 of 7

any NCF within the amount disclosed as cruise fare on booking confirmations provided to Program Members, and Defendants will have fully satisfied their obligations under this settlement by complying with the requirements imposed by the cruise line.

Plaintiffs' Counsel will apply to the Court for a fee award of up to $4,000,000, plus out-of-pocket expenses up to $300,000 ("Fee Request"). Plaintiffs' Counsel's Fee Request will be available for review on the settlement website once it is filed with the Court. Defendants reserve the right to object to Plaintiffs' Counsel's request for attorneys' fees to the extent the request exceeds $3,000,000 in attorneys' fees or seeks costs and expenses in excess of $300,000.

Plaintiffs' Counsel will ask the Court to approve, unopposed by Defendant, approval of service awards not to exceed $10,000 for each Class Representative, which are intended to compensate such individuals for their efforts in the litigation and commitment on behalf of the Settlement Class ("Service Awards").

In exchange for the above remuneration, Plaintiffs and each Class Member who has not validly and timely requested exclusion from the Settlement shall be deemed to have fully, finally, and forever released any and all claims against Defendants relating to the nature of the lawsuit.

# How You Get A Benefit

## 9.   How do I receive settlement benefits?

To qualify for a payment from the Settlement, you must complete and sign a Claim Form and submit it to the Settlement Administrator. You may complete and submit a claim online at the settlement website at www.CruiseFareSettlement.com, or you may download a Claim Form from the website and submit it by mail or email to the Settlement Administrator using the contact information below. **Claim Forms must be postmarked or received on or before [MONTH DAY], 2018.**

Cruise Fare Settlement
c/o JND Legal Administration
PO Box 91344
Seattle, WA 98111
*Email*: Info@CruiseFareSettlement.com

## 10. When will I receive my benefit?

The Court will hold a Fairness Hearing on [MONTH DAY], 2018, to decide whether to approve the Settlement. If the Settlement receives final approval, settlement remuneration will be distributed to Class Members in a timely manner, provided there are no appeals to the Court's decision. Please be patient.

## 11. What am I giving up to receive a benefit and stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants that pertains to the same legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. The Released Claims are detailed in the Settlement Agreement, available at www.CruiseFareSettlement.com.

# Excluding Yourself From The Settlement

## 12. How do I exclude myself from the Settlement?

If you do not want the remuneration offered under the Settlement and do not want to be legally bound by the terms of the Settlement, you must exclude yourself by submitting a written request to the Settlement Administrator stating your intent to exclude yourself from the Settlement Class ("opt out"). Your opt-out request must include the following: (a) your name and address; (b) a statement that you want to be excluded from the Action; and (c) your signature. Your opt-out request must be postmarked or received **no later than [MONTH DAY], 2018.**

Questions? Contact the Settlement Administrator toll-free at 1-866-537-9618 or visit www.CruiseFareSettlement.com

## 13. If I don't exclude myself, can I sue for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Defendants for the same claims that the Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Class to continue your own lawsuit.

## 14. If I exclude myself, can I receive remuneration from this settlement?

No. If you exclude yourself from the Settlement, you will no longer be entitled to remuneration. Do not send in a Claim Form if you also exclude yourself.

# The Lawyers Representing You

## 15. Do I have a lawyer in this case?

The Court has appointed the law firms of Morgan & Morgan Complex Litigation Group and Rhine Law Firm, P.C. to represent you and other members of the Class. Together, the lawyers are called Class Counsel or Plaintiffs' Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 16. How will the lawyers be paid?

Plaintiffs' Counsel will ask the Court to award them attorneys' fees of up to $4,000,000, plus out-of-pocket expenses up to $300,000 ("Fee Request"). Plaintiffs' Counsel's Fee Request will be posted on the settlement website once it is filed with the Court. There is no cost to any individual class member.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Plaintiffs' Counsel have not been paid for their services in conducting this litigation on behalf of the Class Representatives and the Class, nor for their substantial expenses.

# Objecting To The Settlement

## 17. How do I tell the Court that I don't like the Settlement?

If you are a Class Member and have not excluded yourself from the Settlement, you can object to the Settlement if you don't like any part of it and/or to Plaintiffs' Counsel's application for attorneys' fees, costs, and expenses and for Service Awards. You can give reasons why you think the Court should not approve the Settlement, Fee Request, or Service Awards, and the Court will consider your views.

To object, you must either file your objection electronically with the Court or mail the objection first-class postage prepaid to the Clerk of Court, Plaintiffs' Counsel, and Defendants' Counsel, at the addresses listed below **no later than [MONTH DAY], 2018**. You must personally sign the written objection; an attorney's signature is not sufficient. Your objection must state that you object to the Settlement in *Finerman, et al. v. Marriott Ownership Resorts, Inc., et al.*, Case No. 3:14-cv-01154-TJC-MCR and must include:

(a) your full name, address, email address, and telephone number;

(b) an explanation of the basis upon which you claim to be a Settlement Class Member;

(c) all grounds for the objection, accompanied by any legal support for the objection;

(d) the identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

(e) the identity of all counsel who represent you who will appear at the Final Approval Hearing;

Questions? Contact the Settlement Administrator toll-free at 1-866-537-9618 or visit www.CruiseFareSettlement.com

Page 5 of 7

(f) the number of times in which you have objected to a class action settlement within five years preceding the date that you file your objection, including the caption of each case in which you made such objection, and a copy of any orders related to or ruling upon your prior such objections that were issued by the trial and appellate courts in each listed case;

(g) the number of times in which your counsel or your counsel's law firm have objected to a class action settlement within the five years preceding the date that you file your objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

(h) any and all agreements that relate to the objection or the process of objection, whether written or verbal, between objector or objector's counsel and any other person or entity;

(i) a list of any person who will be called to testify at the Final Approval Hearing in support of the objection; and

(j) a statement confirming whether you intend to appear personally and/or testify at the Final Approval Hearing.

| **Clerk of the Court**: | **Defense Counsel**: | **Plaintiffs' Counsel**: |
|---|---|---|
| Clerk of the Court | David L. Balser | John A. Yanchunis, Sr. |
| Bryan Simpson U.S. Courthouse | Jonathan R. Chally | **Morgan & Morgan Complex Litigation Group** |
| 300 North Hogan Street | **King & Spalding LLP** | 201 North Franklin Street |
| Jacksonville, Florida 32202 | 1180 Peachtree Street, NE | Tampa, Florida 33602 |
| | Atlanta, Georgia 30309 | |
| | | |
| | Phillip R. Sellinger | Joel R. Rhine |
| | David E. Sellinger | **Rhine Law Firm, P.C.** |
| | **Greenberg Traurig** | 1612 Military Cutoff Road, Suite 300 |
| | 500 Campus Drive | Wilmington, North Carolina 28403 |
| | Florham Park, New Jersey 07932 | |

## 18. What's the difference between objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit. If you exclude yourself, you have no basis to object because the case no longer affects you.

# The Court's Final Approval Hearing

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at [TIME] on [MONTH DAY], 2018 in Courtroom 10D of the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve Plaintiffs' Counsel's Fee Request. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer questions the Judge may have. But you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you delivered a complete, written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 21. May I speak at the hearing?

Questions? Contact the Settlement Administrator toll-free at 1-866-537-9618 or visit www.CruiseFareSettlement.com

Page 6 of 7

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your intention to appear in *Finerman, et al. v. Marriott Ownership Resorts, Inc., et al.*, Case No. 3:14-cv-01154-TJC-MCR. Be sure to include your name, address, telephone number, and your signature. Your notice of intention to appear must be sent to the Court and Counsel at the addresses listed above in Question 18 by [MONTH DAY], 2018. You cannot speak at the hearing if you exclude yourself from the Class.

## Getting More Information

### 22. Are there more details about the Settlement?

This notice summarizes the proposed Settlement. More details are in the full version of the Settlement Agreement and Release. You can download a copy of the Settlement Agreement from the settlement website at www.CruiseFareSettlement.com or by calling the Settlement Administrator toll-free at 1-866-537-9618 to request that a copy be mailed to you.

### 23. How do I get more information?

If you would like more information about the Settlement, you can call the Settlement Administrator toll-free at 1-866-537-9618 or visit www.CruiseFareSettlement.com.

**DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS NOTICE.**

Questions? Contact the Settlement Administrator toll-free at 1-866-537-9618 or visit www.CruiseFareSettlement.com

Page 7 of 7

# Exhibit E

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANIEL FINERMAN and DONNA
DEVINO, individually and on behalf of
all others similarly situated,

                          Plaintiffs,          Case No.:  3:14-cv-1154-J-32MCR

vs.

MARRIOTT OWNERSHIP RESORTS, INC.,
a foreign corporation, and INTERNATIONAL
CRUISE & EXCURSION GALLERY, INC., a
foreign corporation,

                          Defendants.

_____/

**[PROPOSED] ORDER CERTIFYING A SETTLEMENT CLASS,**
**PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,**
**AND DIRECTING NOTICE TO THE SETTLEMENT CLASS**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of

Class Action Settlement and Certification of Settlement Class (Doc. ____).

Plaintiffs brought this putative class action against Marriott Ownership Resorts, Inc.

("MORI") and International Cruise & Excursion Gallery, Inc. ("ICE") (together, "Defendants"),

on June 30, 2014.[1]  (Doc. 1.)  In their Second Amended Class Action Complaint ("Complaint")

(Doc. 117), Plaintiffs assert claims for an alleged violation of the Florida Deceptive and Unfair

Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* ("FDUTPA"); violation of the New Jersey

Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.* ("NJCFA"), unjust enrichment, breach of

contract, and violation of the Florida Telephone Recording Law, Fla. Stat. § 934.01 *et seq.*

According to the Complaint, these claims arise out of cruise bookings that Plaintiffs and the

_____

[1]   The initial complaint named a different MORI entity, but the current entity was subsequently
substituted as a Defendant.

proposed class members made through ICE, using points they acquired as members of the MORI's Marriott Vacation Club.

This action has been litigated vigorously, with substantial motion practice, amended pleadings, and extensive discovery, including production of thousands of documents and depositions of fact and proposed expert witnesses.  The Parties, through their counsel, have entered into a Settlement Agreement following good faith, arm's-length negotiations and a mediation overseen by the Honorable Judge Herbert Stettin.  The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiffs' Motion for Preliminary Approval is granted as set forth herein.[2]

1.    **Class Certification for Settlement Purposes Only.**  For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies a class in this matter defined as follows:

> All persons throughout the United States who from January 1, 2010 to the date of Preliminary Approval were Program Members of the Exchange Program and who booked a cruise through Defendants.

> Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, the officers and directors of either of the Defendants, and persons who timely and validly request exclusion from the Settlement Class.

---

[2] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

**2.      Settlement Class Representatives and Settlement Class Counsel.**

Daniel Finerman and Donna Devino are hereby provisionally designated and appointed as the Settlement Class Representatives.  The Court provisionally finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Settlement Class Representatives.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g): John A. Yanchunis, Sr. and Joel R. Rhine.

**3.      Preliminary Settlement Approval.**   Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

4.      **Jurisdiction.**  The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it for the purposes of the Settlement.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

5.      **Final Approval Hearing.**  A Final Approval Hearing shall be held on _____ at _____ in Courtroom 10D of the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, to determine, among other things, whether: (1) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e); (2) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (3) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (4) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (5) the application of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved pursuant to Federal Rule of Civil Procedure 23(h); and (6) the application of Settlement Class Representatives for Service Awards (the "Service Awards Request") should be approved.

Plaintiffs' motion for final approval of the Settlement shall be filed with the Court at least **30 days prior to the deadline for submission of objections** and requests for exclusion, as specified in the Notice.  Plaintiffs' Service Awards Request, and Fee Request shall be filed with the Court at least **15 days prior to the deadline for submission of objections** and requests for exclusion, as specified in the Notice.  By no later than **14 days prior to the Final Approval Hearing**, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Awards Request and Fee Request.

6.     **Administration.**  The Court appoints JND Legal Administration as the Settlement Administrator, with responsibility for class notice and claims administration.  Defendants shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees.  These payments shall be made separate and apart from the Settlement Fund.

7.     **Notice to the Class.**  The proposed Notice Program set forth in the Settlement Agreement, and the Mail Notice, Website Notice, and Claim Form attached to the Settlement Agreement as its Exhibits A, C, and D satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and are hereby approved.  Non-material modifications to these Exhibits may be made without further order of the Court.  The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement, including but not limited to section VI thereof.

By **30 days from the date of this Order** (the "Notice Deadline"), the Settlement Administrator shall complete the Notice Program, which shall be completed in the manner set forth in Section VI of the Settlement Agreement.

8.     **Findings Concerning Notice.**  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class

Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.   The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

9.      **Class Action Fairness Act Notice.**   Within **10 days after the filing of the motion for preliminary approval**, the Settlement Administrator shall have served or have caused to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.     **Exclusion from Class.**   Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **60 days after the Notice Deadline** (the "Opt-Out Deadline").   The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than **10 days prior to the Final Approval Hearing**.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement.   If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of

exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement.  All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

11.     **Objections and Appearances.**  A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Awards Request, or the Fee Request, and must do so no later than **60 days after the Notice Deadline** (the "Objection Deadline").

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Plaintiffs' Counsel, and Defendants' Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice.   For an objection to be considered by the Court, the objection must also set forth:

a.      the name of the Action;

b.      the objector's full name, address, email address, and telephone number;

c.      an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.      all grounds for the objection, accompanied by any legal support for the objection;

 e. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards;

 f. the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

 g. a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

 h. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

 i. the objector's signature on the written objection (an attorney's signature is not sufficient).

Any Settlement Class Member filing an objection may be required to sit for a deposition regarding matters concerning the objection.  Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the Release in the Settlement Agreement if Final Judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Awards Request, or the Fee Request.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from

challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Awards Request, or the Fee Request.

12.      **Claims Process and Distribution and Allocation Plan.**      Settlement Class Representatives and Defendants have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form.  The Court preliminarily approves the plan for remuneration described in Section III of the Settlement Agreement, and directs that the Settlement Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form.  If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Agreement, and the Final Judgment.

13.      **Termination of Settlement.**  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement.  In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.     **Use of Order.**  This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the certifiability of any class.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

15.     **Stay of Proceedings.**  Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

16.     **Continuance of Hearing.**  The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

17.     **Summary of Deadlines.**  The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline:** 30 days from the date of this Preliminary Approval Order

**Motion for Final Approval:** 30 days before Opt-Out Deadline

**Motion for Service Awards, Attorneys' Fees, Costs, and Expenses:** 15 days before Opt-Out Deadline

**Opt-Out and Objection Deadlines:** 60 days after Notice Deadline

**Replies in Support of Final Approval, Service Awards and Fee Requests:**  14 days

before Final Approval Hearing

**Claims Deadline:**  90 days after Notice Deadline

**Final Approval Hearing:**  100 days after Notice Deadline

IT IS SO ORDERED this _____ day of _____, 2018.


_____
The Honorable Timothy J. Corrigan
United States District Court Judge