**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL FINERMAN, individually, and on behalf of all others similarly situated and DONNA DEVINO, individually, and on behalf of all others similarly situated,

    Plaintiffs,

v.

MARRIOTT OWNERSHIP RESORTS, INC., a foreign corporation and INTERNATIONAL CRUISE & EXCURSION GALLERY, INC., a foreign corporation,

    Defendants.

Case No. 3:14-cv-1154-J-32MCR

**ORDER CERTIFYING A SETTLEMENT CLASS,
PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
AND DIRECTING NOTICE TO THE SETTLEMENT CLASS**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (Doc. 205).

Plaintiffs brought this putative class action against Marriott Ownership Resorts, Inc. ("MORI") and International Cruise & Excursion Gallery, Inc. ("ICE") (together, "Defendants"), on June 30, 2014.[1] (Doc. 1.) In their Second Amended

---

[1] The initial complaint named a different MORI entity, but the current entity was subsequently substituted as a Defendant.

Class Action Complaint ("Complaint") (Doc. 117), Plaintiffs assert claims for an alleged violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* ("FDUTPA"); violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.* ("NJCFA"), unjust enrichment, breach of contract, and violation of the Florida Telephone Recording Law, Fla. Stat. § 934.01 *et seq.* According to the Complaint, these claims arise out of cruise bookings that Plaintiffs and the proposed class members made through ICE, using points they acquired as members of the MORI's Marriott Vacation Club.

This action has been litigated vigorously, with substantial motion practice, amended pleadings, and extensive discovery, including production of thousands of documents and depositions of fact and proposed expert witnesses. The Parties, through their counsel, have entered into a Settlement Agreement following good faith, arm's-length negotiations and a mediation overseen by the Honorable Judge Herbert Stettin. The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiffs' Motion for Preliminary Approval is granted as set forth herein.[2]

---

[2] Unless otherwise indicated, capitalized terms used herein have the same meaning

## I.     CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

For settlement purposes only and pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e), the Court provisionally certifies a class in this matter defined as follows:

> All persons throughout the United States who from January 1, 2010 to the date of Preliminary Approval were Program Members of the Exchange Program and who booked a cruise through Defendants.
>
> Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, the officers and directors of either of the Defendants, and persons who timely and validly request exclusion from the Settlement Class.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual

---

as in the Settlement Agreement.

members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

## II. SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

Daniel Finerman and Donna Devino are hereby provisionally designated and appointed as the Settlement Class Representatives. The Court provisionally finds that the Settlement Class Representatives are similarly situated to absent Class Members, and therefore typical of the Class, and that they will be adequate Settlement Class Representatives.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g): John A. Yanchunis, Sr. and Joel R. Rhine.

## III. PRELIMINARY SETTLEMENT APPROVAL

Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

## IV. JURISDICTION

The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## V.　FINAL APPROVAL HEARING

A Final Approval Hearing shall be held on **August 3, 2018 at 10:30 A.M.** in Courtroom 10D of the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, to determine, among other things, whether: (1) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e); (2) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (3) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (4) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (5) the application of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved pursuant to Federal Rule of Civil Procedure 23(h); and (6) the application of Settlement Class Representatives for Service Awards (the "Service Awards Request") should be approved.

Plaintiffs' motion for final approval of the Settlement shall be filed with the Court by **April 23, 2018**. Plaintiffs' Service Awards Request, and Fee Request shall be filed with the Court by **May 7, 2018**. By no later than **June 22, 2018**, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Awards Request and Fee Request.

## VI.　ADMINISTRATION

The Court appoints JND Legal Administration as the Settlement Administrator, with responsibility for class notice and claims administration. Defendants shall pay all costs and expenses associated with providing notice to

5

Settlement Class Members including, but not limited to, the Settlement Administrator's fees. These payments shall be made separate and apart from the Settlement Fund.

## VII. NOTICE TO THE CLASS

The proposed Notice Program set forth in the Settlement Agreement, and the Mail Notice, Website Notice, and Claim Form attached to the Settlement Agreement as its Exhibits A, C, and D satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement, including but not limited to section VI thereof.

By **March 22, 2018**, the Settlement Administrator shall complete the Notice Program, which shall be completed in the manner set forth in Section VI of the Settlement Agreement.

## VIII. FINDINGS CONCERNING NOTICE

The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due,

6

adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

## IX. CLASS ACTION FAIRNESS ACT NOTICE

The Settlement Administrator has timely served or have caused to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## X. EXCLUSION FROM CLASS

Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **May 21, 2018**. The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than **July 24, 2018**.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If Final

7

Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

## XI.  OBJECTIONS AND APPEARANCES

A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Awards Request, or the Fee Request, and must do so no later than **May 21, 2018**.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Plaintiffs' Counsel, and Defendants' Counsel, at the addresses listed in the Notice, and postmarked by no later than **May 21, 2018**, as specified in the Notice. For an objection to be considered by the Court, the objection must also substantially comply with this format:

    a) the name of the Action;

    b) the objector's full name, address, email address, and telephone number;

8

c) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d) all grounds for the objection, accompanied by any legal support for the objection;

e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards;

f) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

g) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i) the objector's signature on the written objection.

Any Settlement Class Member who fails to substantially comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the Release in the Settlement Agreement if Final Judgment is entered. The Court retains the right to allow objections in the interest of justice.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Awards Request, or the Fee Request.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Awards Request, or the Fee Request.

## XII. CLAIMS PROCESS AND DISTRIBUTION AND ALLOCATION PLAN

Settlement Class Representatives and Defendants have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in Section III of the Settlement Agreement, and directs that the Settlement Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in

accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Agreement, and the Final Judgment.

### XIII. TERMINATION OF SETTLEMENT

This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

### XIV. USE OF ORDER

This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the certifiability of any class.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

## XV. STAY OF PROCEEDINGS

Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

## XVI. CONTINUANCE OF HEARING

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

## XVII. SUMMARY OF DEADLINES

The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

1. **Notice Deadline:** March 22, 2018

2. **Motion for Final Approval:** April 23, 2018

3. **Motion for Service Awards, Attorneys' Fees, Costs, and Expenses:** May 7, 2018

4. **Opt-Out and Objection Deadlines:** May 21, 2018

5. **Claims Deadline:** June 20, 2018

6. **Replies in Support of Final Approval, Service Awards and Fee Requests:** June 22, 2018

7.      **Final Approval Hearing: August 3, 2018** at **10:30 A.M.** before the undersigned in the United States Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, Florida.[3]

8.      The dates set in this Order should be used as appropriate in the Notices to the Class.

**DONE AND ORDERED** in Jacksonville, Florida the 23rd day of February, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

---

[3] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are not generally allowed in the building, counsel are permitted to bring those items with them upon presentation to Court Security Officers of a Florida Bar card or Order of special admission pro hac vice.