# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

DANIEL FINERMAN, individually,
and on behalf of all others similarly
situated and DONNA DEVINO,
individually, and on behalf of all others
similarly situated,

      Plaintiffs,

v.                                   Case No. 3:14-cv-1154-J-32MCR

MARRIOTT OWNERSHIP RESORTS,
INC., a foreign corporation and
INTERNATIONAL CRUISE &
EXCURSION GALLERY, INC., a
foreign corporation,

      Defendants.

---

## FINAL JUDGMENT AND ORDER APPROVING

## THE CLASS SETTLEMENT

On February 23, 2018, this Court entered an order granting preliminary

approval (the "Preliminary Approval Order") (Doc. 208) of the settlement between

Plaintiffs Daniel Finerman and Donna Devino ("Plaintiffs"), on their own behalf and

on behalf of the Settlement Class (as defined below), and Defendants Marriott

Ownership Resorts, Inc. ("MORI") and International Cruise & Excursion Gallery, Inc.

("ICE"), as memorialized in the Settlement Agreement attached as Exhibit 1 to

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (the "Settlement Agreement") (Doc. 205-1.)[1]

On August 3, 2018, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice. (Doc. 220). An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. Having considered the Settlement Agreement, Plaintiffs' Motion for Final Approval of the Class Action Settlement, and Motion for Service Award and Attorney's Fees, Costs, and Expenses, and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Defendants and all Settlement Class Members (including all objectors), the Escrow Account, and the claims asserted in the Action for purposes of the Settlement.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court **GRANTS** Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (Doc. 209), including but not limited to, the Releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the same meaning as in the Settlement Agreement.

Therefore, all members of the Settlement Class who have not opted out are bound by this Order finally approving the Settlement.

## <u>CLASS CERTIFICATION</u>

4.    The previously certified class set forth below (the "Settlement Class") is now finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons throughout the United States who from January 1, 2010 to the date of Preliminary Approval were Program Members of the Exchange Program and who booked a cruise through Defendants.
>
> Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, the officers and directors of either of the Defendants, and persons who timely and validly request exclusion from the Settlement Class.

5.    The Court finds that certification of the Settlement Class solely for purposes of this Settlement is appropriate in that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately protected the interests of the Settlement Class and will continue to do so; (e) John A. Yanchunis and Joel R. Rhine are adequate Settlement Class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.    Daniel Finerman and Donna Devino are designated as representatives of the Settlement Class (the "Settlement Class Representatives").

7.     John A. Yanchunis, Sr. and Joel R. Rhine are appointed as Settlement Class Counsel.

## CLASS NOTICE

8.     Notice to the Settlement Class fully complied with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.   The Court approved the forms of notice to the Settlement Class.

9.     With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).   Notice was given by Mail in accordance with the Settlement Agreement and the Preliminary Approval Order.   The Class Notice, Claim Form, Preliminary Approval Order, Petition for Attorney's Fees, and Settlement Agreement (without exhibits) were also posted on the Settlement Website at www.cruisefaresettlement.com.   These forms of class notice fully complied with the requirements of Rule 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and were due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.   A total of 3,690 claim forms were submitted, 2,487 of which were timely, complete, and have been approved. (Doc. 219 ¶ 10).

## OBJECTIONS AND OPT-OUTS

10.     No objections were filed by Settlement Class Members. (Doc. 219 ¶ 9).

11. No exclusion requests were filed by Settlement Class Members. (Doc. 219 ¶ 9).

## CLASS COMPENSATION

12. Within sixty (60) days of the Effective Date, Defendants shall distribute to the Settlement Class Members who submitted timely and valid claim forms remuneration in accordance with the Settlement Agreement.

## AWARD OF ATTORNEYS' FEES AND INCENTIVE AWARD

13. The Court has considered Settlement Class Counsel's Motion for Service Award and Attorneys' fees, costs, and expenses (Doc. 210), Defendants' response in opposition (Docs. 211, 212), and Settlement Class Counsel's reply (Doc. 214). The Court also held a lengthy hearing on the attorneys' fees motion, the record of which is incorporated by reference. (Doc. 220).

Plaintiffs seek $4,000,000 in attorneys' fees and $300,000 in costs and expenses. (Doc. 210 at 2). Defendants agreed not to object if Plaintiffs sought up to $3,000,000 in attorneys' fees, but reserved their right to object to anything in excess of that amount. (Doc. 211 at 2). They do not object to Plaintiffs' request for costs and expenses. (Doc. 211 at 1 n.1). The Court finds reasonable the parties' agreement that it should award at least $3,000,000 in attorneys' fees and $300,000 in costs. The remaining question is whether the Court should award attorneys' fees greater than $3,000,000 and up to $4,000,000.

The Court evaluates the attorneys' fee request in light of the standard set forth by the Eleventh Circuit in <u>Camden I Condominium Association, Inc. v. Dunkle</u>, 946

F.2d 768, 773 (11th Cir. 1991). In <u>Camden I</u>, the Eleventh Circuit stated that an attorney's fee in a common fund case should be calculated as a reasonable percentage of the recovery received by the class.[2] <u>Id.</u> at 773. The court stated that district courts should begin with a 20-30% range and adjust the percentage up or down based on "the individual circumstances of each case, as opposed to the lodestar hourly fee used in statutory fee awards." <u>Id.</u> at 775. The <u>Camden I</u> court observed that "district courts are beginning to view the median of this 20% to 30% range, i.e., 25%, as a 'bench mark' percentage fee award" in common fund cases in the Eleventh Circuit. See <u>Amason v. Pantry, Inc.</u>, No. 7:09-CV-02117-RDP, 2014 WL 12600263, at *2 (N.D. Ala. July 3, 2014) (25% of the fund viewed as a benchmark percentage fee award); <u>James D. Hinson Elec. Contracting Co. v. BellSouth Telecomms. Inc.</u>, No. 3:07-CV-598-TJC-MCR, 2012 WL 12952592, at *2 (M.D. Fla. July 30, 2012) ("the benchmark of 25 percent approved by the Eleventh Circuit in <u>Camden I</u>"); <u>In re Sunbeam Sec. Litig.</u>, 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001) (25% benchmark in common fund case). The parties likewise agree that the benchmark in the Eleventh Circuit is 25%. (Doc. 210 at 3; Doc. 211 at 2). In determining the attorneys' fee award, the Court has considered all of the factors identified in <u>Camden I</u>.[3]

---

[2] Although this is not a classic common fund case, the common fund analysis still applies. See <u>Poertner v. Gillette Co.</u>, 618 F. App'x 624, 629 n.2 (11th Cir. 2015) ("While no published opinion of ours extends <u>Camden I</u>'s percentage-of-recovery rule to claims-made settlements, no principled reason counsels against doing so.").

[3] The Eleventh Circuit identified several factors which should be considered in arriving at a reasonable percentage fee: "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent;

The settlement creates a common fund for the class of a maximum $7,920,000 in cash, or the cash equivalent of up to $11,880,000 in gift cards or cruise-exchangeable points. (Doc. 211 at 2). The parties agree that it is proper to consider the $3,000,000 in attorneys' fees and the $300,000 in costs (which the parties agreed to in the Settlement Agreement) as part of the common fund. The Court determines to take the rounded-up median cash or cash equivalent value of the settlement ($8,000,000 plus $12,000,000 equals $20,000,000, divided by two, equals $10,000,000), plus agreed-upon attorneys' fees ($3,000,000), plus uncontested costs and expenses ($300,000), for a common fund value of $13,300,000. The Court will adjust the 25% benchmark for attorneys' fees to 26.5%.[4] Therefore, the Court multiples the value of the common fund ($13,300,000) by 26.5%, for a total attorneys' fees award of $3,524,500.

Therefore, the Court **GRANTS** Plaintiffs' Motion for Approval of Attorneys' Fees, Costs and Expenses, and For Approval of Service Awards to Class Representatives (Doc. 210) and awards Settlement Class Counsel the sum of

---

(7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and the length of the professional relationship with the client; (12) awards in similar cases." Camden I, 946 F.2d at 772 n.3 (citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717 (5th Cir. 1974)). "Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." Id. at 775.

[4] In reaching this award of attorneys' fees, the Court has considered the value of the estimated future benefits to the Class Members resulting from changes to the Marriott Vacation Club program (Doc. 210 at 14-15), but has not tried to place a separate monetary value on it.

**$3,524,500** for attorneys' fees, and **$300,000** for costs and expenses to be paid within thirty (30) days of the Effective Date, in accordance with the Settlement Agreement. The Court finds this amount of fees and costs to be fair and reasonable.

14.     The Court grants Settlement Class Counsel's request for Service Awards to the Class Representatives and awards **$10,000** each to Daniel Finerman and Donna Devino.[5]   The Court finds that this payment is justified by the Class Representatives' service to the Settlement Class.   This payment shall be made within thirty (30) days of the Effective Date.

## OTHER PROVISIONS

15.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

16.     Neither the Settlement Agreement, the Preliminary Approval Order, this Order finally approving the settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, and Final Approval Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, nor of the certifiability of any class other than Settlement Class described herein, and shall not be offered or received in evidence in this or any other action or proceeding except

---

[5] Defendants do not contest Plaintiffs' request for service awards, which are within the amount agreed in the Settlement Agreement. (Doc. 211 at 1 n.1).

in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

17.     Settlement Class Counsel and the Settlement Administrator shall file a final accounting detailing the distribution of the Settlement Amount by **December 18, 2018**.

18.     In the Preliminary Approval Order, this Court approved JND Legal Administration as the Settlement Administrator. The Settlement Administrator shall make all distributions to the Settlement Class Members pursuant to the terms of the Settlement Agreement and this Court's Orders.

19.     This action is hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41. However, with the consent of the Parties, the Court retains jurisdiction for the purpose of enforcing the terms of the Settlement and of this Final Judgment and Order.

20.     As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and his or her respective heirs, assigns, beneficiaries, and successors, and whether or not such Releasing Party executes and delivers a Claim Form, shall automatically be deemed to have fully and irrevocably released and forever discharged Defendants and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns (collectively the

"Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the booking or purchase of cruises from or through Defendants through the Exchange Program (the "Released Claims").

21.    Settlement Class Counsel has waived, discharged, and released the Released Parties of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Action.

**DONE AND ORDERED** in Jacksonville, Florida the 15th day of August, 2018.


TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record